## SUMMONS ISSUED

Douglas Weiner
D. Maimon Kirschenbaum
Matthew Kadushin
JOSEPH & KIRSCHENBAUM LLP
233 Broadway, 5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for the Named Plaintiffs,*
*proposed FLSA Collective Plaintiffs,*
*and proposed Class*

# CV 13 - 4938

# ROSS, J.

# GOLD, M.J.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FREDDY FERNANDEZ, LUIS VELASQUEZ, and GIOVANNY GONZALEZ, on behalf of themselves and all others similarly situated, | |
| **Plaintiffs,** | **COMPLAINT** |
| -against- | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| KINRAY, INC, CARDINAL HEALTH, INC, STEWART RAHR, Individually and as Chief Executive Officer of Kinray, Inc., HOWARD HIRSCH, Individually and as Chief Financial Officer of Kinray, Inc., WILLIAM BODINGER, Individually and as Senior Vice President and General Manager of Kinray a Cardinal Health Company, and KERRY CLARK, Individually and as Chief Executive Officer of Cardinal Health, Inc., | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

1.     Plaintiffs Luis Velasquez, Freddy Fernandez, and Giovanny Gonzalez, on behalf of themselves and on behalf of all others similarly situated, by and through undersigned counsel, allege as follows:

1

## INTRODUCTION

2.     This is a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and is brought to remedy widespread wage and hour violations by Kinray, Inc. and Cardinal Health, Inc (collectively "Defendants") that have deprived Plaintiffs and all other current and former Defendants' delivery drivers ("Drivers") throughout New York, New Jersey, and Connecticut of overtime and other wages to which they are entitled.

3.     Plaintiffs Luis Velasquez, Freddy Fernandez, and Giovanny Gonzalez also bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and all similarly situated current and former Drivers who worked for Defendants in New York, to remedy violations of the labor laws of New York.

4.     Defendants misclassified their Drivers as independent contractors, despite exercising extensive control over the manner in which they conducted their work.

5.     Under federal and New York law, employees must be paid one and one-half times their regular rate of pay for all hours over 40 worked in a week, unless they qualify for a statutory exemption.

6.     Defendants also shifted their own costs of doing business to its workers by taking deductions from their Drivers' wages for equipment, insurance, and other expenses.

7.     Through the conduct described in this Complaint, Defendants have violated federal and state law.  Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, bring these claims and seek unpaid compensation, liquidated damages, reasonable attorneys' fees and costs, and all other available and appropriate relief to which they and the other Drivers are entitled.

2

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331.

9.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the claims in the FLSA action that they form part of the same case or controversy.

10.     Defendants are subject to personal jurisdiction in New York.

11.     Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

## PARTIES

12.     Until December 21, 2010, Defendant Kinray, Inc. ("Kinray") was a corporation organized and existing under the laws of New York.

13.     On December 21, 2010, Cardinal Health Inc. purchased Kinray Inc.

14.     Kinray's gross revenue each year exceeded $500,000.

15.     Prior to December 21, 2010, Kinray was an employer of Plaintiffs within the meaning of the FLSA.

16.     Defendant Cardinal Health, Inc. ("Cardinal") is a corporation organized and existing under the laws of Ohio and doing business in New York.

17.     Cardinal's gross revenue each year exceeds $500,000.

18.     After December 21, 2010 Cardinal was an employer of Plaintiffs within the meaning of the FLSA.

19.     Defendant Stewart Rahr was the chief executive officer of Kinray, in active control of the day to day business operations of Kinray, and an employer of Plaintiffs.

3

20. Defendant Howard Hirsch was the chief financial officer of Kinray, in active control of the day to day business operations of Kinray, and an employer of Plaintiffs.

21. Defendant William Bodinger is the Senior Vice President and General Manager of Kinray, a Cardinal Health Division. Defendant Bodinger is in active control of the day to day business operations of Kinray, a Cardinal Health Division, and is an employer of Plaintiffs.

22. Defendant Kerry Clark is the chief executive officer of Cardinal, in active control of the day to day business operations of Cardinal, and an employer of Plaintiffs.

23. Defendants Rahr, Hirsch, Bodinger, and Clark exercised authority and control of Defendants' employment policies and are individual employers of Plaintiffs and those similarly situated under the FLSA and NYLL.

24. Defendant Rahr had the power to hire and fire Defendant Kinray's employees.

25. Defendant Hirsch had the power to hire and fire Defendant Kinray's employees.

26. Defendant Bodinger has the power to hire and fire Defendant Cardinal's employees.

27. Defendant Clark has the power to hire and fire Defendant Cardinal's employees.

28. Upon information and belief, Defendants' managerial employees ultimately report to Defendant Rahr, Hirsch, Bodinger, and Clark regarding issues such as compensation, scheduling, and record-keeping.

29. Plaintiff Luis Velasquez ("Velasquez") has worked for Kinray and Cardinal as a Driver delivering prescription medications and pharmaceutical products for about 28 years until the present.

30. Defendants paid Velasquez a flat fee of roughly $4.85 for each stop made.

31. Defendants required Velasquez to maintain a high level of vehicle insurance

4

coverage and to use and maintain his own vehicle to make deliveries.

32.     Defendants required Velasquez to own a specific type of automobile, and Defendants did not reimburse him for the cost of the automobile.

33.     Defendants required Velasquez to pay for his own auto maintenance, gasoline, and toll fees and did not reimburse him for those expenses.

34.     Velasquez regularly worked between 60 and 65 hours per week.

35.     Defendants did not pay Velasquez a premium when he worked in excess of 40 hours in a workweek.

36.     Defendants required Velasquez to complete all assigned routes.

37.     Plaintiff Freddy Fernandez ("Fernandez") has worked for Kinray and Cardinal as a Driver delivering prescription medications and pharmaceutical products for about 18 years until the present.

38.     Defendants paid Fernandez a flat fee of roughly $4.85 for each stop made.

39.     Defendants required Fernandez to maintain a high level of vehicle insurance coverage and to use and maintain his own vehicle to make deliveries.

40.     Defendants required Fernandez to own a specific type of automobile, and Defendants did not reimburse him for the cost of the automobile.

41.     Defendants required Fernandez to pay for his own auto maintenance, gasoline, and toll fees and did not reimburse him for those expenses.

42.     Fernandez regularly worked between 75 and 85 hours per week.

43.     Defendants did not pay Fernandez a premium when he worked in excess of 40 hours in a workweek.

44.     Defendants required Fernandez to complete all assigned routes.

5

45.    Plaintiff Giovanny Gonzalez ("Gonzalez") has worked for Kinray and Cardinal as a delivery driver delivering prescription medications and pharmaceutical products for about 18 years until the present.

46.    Defendants paid Gonzalez a flat fee of roughly $4.85 for each stop made.

47.    Defendants required Gonzalez to maintain a high level of vehicle insurance coverage and to use and maintain his own vehicle to make deliveries.

48.    Defendants required Gonzalez to own a specific type of automobile, and Defendants did not reimburse him for the cost of the automobile.

49.    Defendants required Gonzalez to pay for his own auto maintenance, gasoline, and toll fees and did not reimburse him for those expenses.

50.    Gonzalez regularly worked between 75 and 85 hours per week.

51.    Defendants did not pay Gonzalez a premium when he worked in excess of 40 hours in a workweek.

52.    Defendants required Gonzalez to complete all assigned routes.

## COLLECTIVE ACTION ALLEGATIONS

53.    Plaintiffs sue on behalf of themselves and all other of Defendants' Drivers across the country (the "FLSA Collective"). This is an appropriate collective or representative action under 29 U.S.C. § 216(b).

54.    Plaintiffs and the other Drivers are similarly situated in that they are all subject to Defendants' common plan or practice of designating them as independent contractors (when in fact their work and the extent of control Defendants exerted over them rendered them employees), failing to pay them overtime compensation, requiring them to provide and maintain their own vehicles and fuel, and making unlawful deductions from their paychecks.

6

## CLASS ALLEGATIONS

55. Plaintiffs bring the state law causes of action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all persons who work or have worked for Defendants as Drivers in New York between the date that is six years before the date this Complaint is filed and the date of final judgment in this matter (the "Class").

56. During Plaintiffs' employment with Defendants, they consistently worked over 40 hours per week. However, they were never paid overtime compensation.

57. Likewise, other FLSA Collective and Rule 23 Class members consistently worked over 40 hours per week and were not paid overtime compensation.

58. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to the Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

59. The number of Defendants' Drivers exceeds 40 as the size of the Class is at least 100 employees.

60. Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

61. The state law causes of action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) whether Defendants violated New York Labor Law ("NYLL"), Articles 6 and 19, and the supporting New York State Department of Labor regulations;

7

(b) whether Defendants refused to pay Plaintiff and the Class members overtime pay for hours worked in excess of 40 hours per workweek;

(c) whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members, and other records required by the NYLL;

(d) whether it was Defendants' policy or practice to make unlawful deductions from the wages of Plaintiff and the Class;

(e) whether it was Defendants' policy or practice to fail to furnish Plaintiff and the Class with an accurate statement of wages, hours worked, rates paid, and gross wages as required by the NYLL;

(f) whether Defendants' policy of failing to pay workers in accordance with New York law was instituted willfully or with reckless disregard of the law; and

(g) the nature and extent of class-wide injury and the measure of damages for those injuries.

62.    Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and the members of the Class work or have worked for Defendants and have been subjected to their policy and pattern or practice of misclassifying them as independent contractors and failing to pay overtime wages for hours worked in excess of 40 hours per week.

63.    Plaintiffs and the members of the Class have been subject to Defendants' policy and pattern or practice of failing to pay them overtime and making unlawful deductions to their pay. Plaintiff and the Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked, and to be paid overtime wages. Plaintiffs and the members of the Class all have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiffs and the members of the Class all have been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns.

64.    Defendants acted and refused to act on grounds generally applicable to the Class, thereby making declaratory relief with respect to the Class appropriate.

8

65.     Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs understand that, as the class representatives, they assume a fiduciary responsibility to the Class to represent its interests fairly and adequately. Plaintiffs recognize that as the class representatives, they must represent and consider the interests of the Class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor they own interests over those of the Class. Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

66.     Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

67.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments

9

about Defendants' practices.

## FACTS

68.    Plaintiffs and the Class Members shared common job duties – making deliveries for Defendants' customers.

69.    Defendants designated Plaintiffs and the Class Members as independent contractors.

70.    The decision to classify Plaintiffs and the Class members as independent contractors was made centrally, and not on a person-by-person basis.

71.    Defendants controlled and directed the performance of Plaintiffs' and the Class members' work.

72.    Plaintiffs and the Class members were not in an independently established trade, occupation, profession or business.

73.    Plaintiffs and the Class members were not in business for themselves, but rather depended on Defendants' business for the opportunity to render services to the long-term customers of Defendants.

74.    Plaintiffs and the Class members had no opportunity for profit or loss without Defendants.

75.    Plaintiffs and the Class members could not deal directly with Defendants' customers to offer their delivery services.

76.    Plaintiffs and the Class members were required to work for Defendants to provide this service.

77.    Plaintiffs' and the Class members' relationship with Defendants lasted for many years and was neither temporary nor sporadic.

78. Plaintiffs and the Class members, worked full-time.

79. Plaintiffs and the Class members regularly worked in excess of 40 weekly hours, but did not get paid any overtime premiums.

80. Plaintiffs and the Class members were required to adhere to a particular delivery schedule and could not come and go as they pleased.

81. Plaintiffs and the Class members were required to use their own vehicles for their work.   Defendants specified the type of car that Plaintiffs and Class members must drive.

82. Plaintiffs and the Class members were not reimbursed for maintaining their vehicles, for most of their gasoline expenses or for tolls.

83. Defendants required Plaintiffs and Class members to form corporations in order to evade the requirements of state and federal law through misclassification of employees as independent contractors.

84. Defendants exerted a great deal of control over Plaintiffs' and Class members' work.

85. For example, Defendants required Plaintiffs and Class members to arrive at their designated location to pick up items for delivery at a certain time.

86. Defendants did not provide Plaintiffs and Class members with the notices required by NYLL § 195.

87. Defendants' violations have been willful and intentional in that it has known all along that Plaintiffs and other Drivers were employees, worked more than forty hours per week, and the requirements of the law.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.***
**On behalf of Plaintiffs and the FLSA Collective**

88.     Plaintiffs re-allege and incorporate by reference the previous paragraphs as if they were set forth again herein.

89.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

90.     At all times relevant, Plaintiffs and the FLSA Collective members were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203(r).

91.     At all times relevant, Plaintiffs and the FLSA Collective members were or have been employees within the meaning of 29 U.S.C. §§ 203(e).

92.     At all times relevant, Defendants have been employers of Plaintiffs and the FLSA Collective members, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 203(d).

93.     Defendants have failed to pay Plaintiffs and the FLSA Collective members overtime wages for hours that they worked in excess of 40 hours in a workweek.

94.     Based on the foregoing, Defendants' conduct in this regard was a willful violation of the Fair Labor Standards Act and entitles Plaintiffs and all other similarly situated Drivers who opt into this litigation to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

12

### SECOND CAUSE OF ACTION
**New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*, N.Y. Comp. Codes R. &
Regs. tit. 12, § 142-2.2
On behalf of Plaintiffs and the Class**

95.     Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

96.     At all relevant times, Defendants have been, and continue to be, employers of

Plaintiffs and the Class members, and Plaintiffs and the Class members have been employees of

Defendants, within the meaning of the NYLL §§ 190, 651(5), 652 and supporting New York

State Department of Labor ("NYSDOL") regulations.

97.     Plaintiffs and the Class members were and are non-exempt employees entitled to

be paid overtime compensation for all overtime hours worked under the NYLL and supporting

regulations.

98.     Defendants have failed to pay Plaintiffs and the Class members overtime wages

for hours that they worked in excess of 40 hours in a workweek.

99.     Through their knowing and intentional failure to pay Plaintiffs and the members

of the Class overtime for hours worked in excess of 40 in a workweek, Defendants have willfully

violated the NYLL Article 19, §§ 650 et seq., and supporting NYSDOL regulations.

100.     Defendants failed to post, in a conspicuous place in their establishments, a notice

issued by the NYSDOL summarizing minimum wage and overtime provisions, in violation of

the NYLL and supporting NYSDOL Regulations including but not limited to 12 NYCRR § 142-

2.8.

101.     As a direct and proximate result of Defendants' unlawful conduct, as set forth

herein, Plaintiffs and the Class members have sustained damages, including loss of earnings for

hours of overtime worked on behalf of Defendants in an amount to be established at trial,

liquidated damages, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### THIRD CAUSE OF ACTION
**New York Notice Violations, NYLL §§ 195, 198**
**On behalf of Plaintiffs and the Class**

102.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

103.    Defendants did not provide Plaintiff and the Class members with the notices required by NYLL § 195.

104.    As a result of Defendants' unlawful conduct, Plaintiffs are entitled to an award of damages pursuant to NYLL § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CAUSE OF ACTION
**New York Unlawful Deductions and Untimely Payment of Wages, NYLL §§ 191, 193**
**On behalf of Plaintiff and the Class**

105.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

106.    Defendants have willfully reduced the wages of Plaintiffs and the members of the Class by making unlawful deductions from their wages.

107.    In addition, Defendants have required Plaintiffs and the Class to incur expenses for Defendants' benefit without reimbursement.  The required and unreimbursed expenses incurred by Plaintiffs and the members of the Class for the benefit of Defendants were unlawful deductions from the wages of Plaintiffs and the Class members, in violation of NYLL Article 6, § 193.

14

108.    Defendants willfully failed to pay Plaintiffs all commissions owed them in a timely manner, in violation of NYLL § 191.

109.    Due to these violations, Plaintiffs and the members of the Class are entitled to recover from Defendants deductions from their wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

a.    Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b.    Certification of the state law claims in this action as a class action pursuant to Federal Rule of Civil Procedure 23;

c.    Designation of Plaintiffs as Class Representatives;

d.    A declaratory judgment that the practices complained of herein are unlawful under state and federal law;

e.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

f.    Penalties available under applicable law;

g.    Restitution;

h.    Pre-Judgment and Post-Judgment interest, as provided by law;

i.    Costs of action incurred herein, including expert fees;

j.    Attorneys' fees including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;; and

k.    Such other injunctive and equitable relief as the Court may deem just and proper.

**JURY DEMAND**

110.   Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.


Dated: Sept. 4, 2013
          New York, NY

                                                Respectfully submitted,


                                                **JOSEPH & KIRSCHENBAUM LLP**
                                                Douglas Weiner
                                                D. Maimon Kirschenbaum
                                                Matthew Kadushin
                                                233 Broadway, 5th Floor
                                                New York, NY 10279
                                                Telephone: (212) 688-5640
                                                Facsimile: (212) 688-2548

                                                *Attorneys for the Named Plaintiffs, proposed*
                                                *FLSA Collective Plaintiffs, and proposed Class*