Representing Management Exclusively in Workplace Law and Related Litigation

jackson lewis
Attorneys at Law

Jackson Lewis LLP
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, GA
AUSTIN, TX
BALTIMORE, MD
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CINCINNATI, OH
CLEVELAND, OH
DALLAS, TX
DENVER, CO
DETROIT, MI
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX
INDIANAPOLIS, IN
JACKSONVILLE, FL
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MEMPHIS, TN
MIAMI, FL
MILWAUKEE, WI
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW ORLEANS, LA
NEW YORK, NY
NORFOLK, VA
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA
PORTLAND, OR
PORTSMOUTH, NH
PROVIDENCE, RI
RALEIGH-DURHAM, NC
RICHMOND, VA
SACRAMENTO, CA
SAN DIEGO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

MY DIRECT DIAL IS: (212) 545-4005
MY EMAIL ADDRESS IS: EKELMANF@JACKSONLEWIS.COM

November 7, 2013

**VIA ECF**

Hon. Judge Allyne R. Ross
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. 915S
Brooklyn, New York 11201

Re: *Freddy Fernandez, et al. v. Kinray, Inc., et al.*
Civil Case No.: CV 13-4938

Dear Judge Ross:

We represent Defendants Kinray, Inc. ("Kinray") and Cardinal Health, Inc. (together "Defendants") in the above-referenced action. We write pursuant to section (3)(A) of Your Honor's Individual Practices and the Court's Minute Order dated 11/01/2013 in response to Plaintiffs' pre-motion letter (DKT 107). Plaintiffs' letter application puts the cart before the horse, and must be rejected. Defendant Kinray, Inc.'s contractual claims against Plaintiffs, *bona fide* independent contractors, must be allowed to proceed.

Kinray also seeks leave to implead the third-party corporate entities which, like the Counterclaim-Defendants, contracted to provide the driving services which are the subject of this litigation, and to serve and file third-party complaints on these entities.[1]

## I. Background

The Named and Opt-in Plaintiffs ("Plaintiffs") in this Fair Labor Standards Act (FLSA) action are individuals who allege they provided driving services for Kinray, a distributor

[1] Because this letter both responds to Plaintiffs' application and presents Defendants' related request regarding the third party complaints, it is slightly longer than the three page maximum set forth in Your Honor's rules.


jackson lewis
Attorneys at Law

of pharmaceuticals. DKT 1 ¶¶ 29, 37, 45, 68. Numerous vendors contracted with Kinray to provide driving services as independent contractors. Some of these contractors were individuals, but others were corporate entities, some of which were owned and operated by Plaintiffs (*id.* ¶ 83).[2] Each corporate entity and individual that contracted to provide driving services for Kinray agreed in writing that the individual or entity, and any employees or sub-contractors thereof, were not employees of Defendants, and to indemnify Kinray from claims arising out of the contract. This agreement is reflected in the counterclaims asserted by Defendants against the Plaintiffs who contracted directly with Kinray. DKT 103 at 20-80 and Ex. A.

## II. <u>Defendants' Contract-Based Claims Must Be Permitted to Proceed Because There Has Been No Finding that Any Driver Is An Employee</u>

Plaintiffs' two arguments in support of dismissal of the contractual counterclaims at this juncture are that 1) the indemnification provision does not encompass Plaintiffs' claims in the instant matter and 2) the provision "thwarts" the FLSA's enforcement scheme. Neither is the case.

The indemnification provision in question encompasses "any and all claims, demands, suits, costs, losses or damages, including legal costs and attorneys' fees, arising as a result of any act or omission of Contractor, *breach of agreement*, or as a result of the performance of services under this Agreement." DKT 103 at 21 (emphasis added). Two recent cases confirm that such a provision encompasses claims such as those asserted here, and that contractual counterclaims are legally viable and appropriate in precisely this scenario. *Dobbins v. Scriptfleet, Inc.*, 2012 U.S. Dist. LEXIS 83855 (M.D. Fla. June 18, 2012); *Spellman v. American Eagle Express, Inc.*, 680 F. Supp. 2d 188, 191 (D.D.C. 2010).[3]

---

[2] For example, Named Plaintiff Freddy Fernandez is, upon information and belief, an officer of Melfer's, Inc., a New York corporation. Melfer's held no fewer than three driving contracts with Kinray and, upon information and belief, utilized the services of multiple individuals to fulfill those contracts. *Browning v. CEVA Freight, LLC*, 885 F. Supp. 2d 590, 595 (E.D.N.Y. 2012)(individual who "entered into six separate agreements with [Defendant] over a ten year period" and utilized a subcontractor to assist with pick-up and delivery services properly was an independent contractor). While the Court is not in a position yet to rule on the merits in the instant matter, which Defendants submit falls squarely under *Browning*, there is no basis to exclude from this litigation Kinray's related indemnification claim against Melfer's.

[3] Further, at least one New York court recently rejected dismissal at the pleading stage of counterclaims against independent contractor FLSA Plaintiffs. *Hart, et al. v. Rick's Cabaret Int'l Inc., et al.*, S.D.N.Y. 09-CV-3043, DKT 272 (Koeltl, J). The facts at issue in *Hart* are discussed more fully in the Defendants' successful opposition to Plaintiffs' motion to dismiss that counterclaim (DKT 266). Plaintiff exotic dancers alleged they were misclassified under the FLSA. Defendants counterclaimed for unjust enrichment, asserting Defendants would be entitled to an offset based on remuneration already received for the dancing services, even if Plaintiffs proved their case and were entitled to FLSA protection. At the Rule 12 stage, the counterclaim was permitted.


jackson lewis
Attorneys at Law

In *Dobbins,* the courier plaintiff filed a complaint alleging that the defendant misclassified her and others similarly situated as independent contractors and as such, they were deprived of overtime wages in violation of the FLSA. *Id.* at *3. Defendant countersued alleging that plaintiff was an independent contractor, and that pursuant to the indemnification provision in the independent contractor agreement, the plaintiff had to indemnify the defendant for attorneys' fees incurred in defending against plaintiff's compensation claim. *Id.* The Court denied Plaintiff's motion to dismiss, observing that "The indemnification provision at issue provides that Plaintiff must indemnify Defendant for any losses... arising out of or in connection with Plaintiff's obligations under their agreement. One such obligation under the agreement was that Plaintiff would work for a liquidated fee amount, and her lawsuit is predicated on her contention that Defendant owes her more than the liquidated fee amount provided in her agreement. As such, the Court concludes that the indemnity provision in her agreement supports Defendant's counterclaim if Defendant prevails in establishing that Plaintiff was an independent contractor." *Id.* at *4; see *also Spellman* (concluding that the defendant's litigation expenses incurred in defending against a FLSA claim on the theory that the plaintiffs were independent contractors fell within the scope of a nearly identical indemnification provision and were valid).

This is precisely the situation here. If Plaintiffs are employees, Kinray's counterclaims fail. If the Counterclaim-Defendant Plaintiffs and the proposed Third Party Defendants discussed below are *bona fide* contractors, then they owe Kinray indemnification for the defense of the meritless claims brought by themselves (or their employees, as the case may be) against Kinray. *Costello v. Beavex Inc.*, 2013 U.S. Dist. LEXIS 70046, at *10-11 (N.D. Ill. May 17, 2013)(following *Dobbins* and *Spellman* and rejecting *Casias v. Distribution Management Corp.*, 2012 U.S. Dist. LEXIS 142694 (D.N.M. Sept. 28, 2012).

At the current stage, Kinray's allegations that Plaintiffs (and third party entities like Melfer's) were *bona fide* independent contractors and parties to the Agreement must be taken as true. An indemnification provision between two such entities does not implicate – to say nothing of offend – the FLSA. Both the *Dobbins* and *Spellman* courts held it would be premature to grant a FRCP 12(b)(6) motion to dismiss an indemnity claim as preempted by the FLSA where the counterclaim asserts the plaintiffs are independent contractors and not the defendant's employees. *Dobbins*, 2012 U.S. Dist. LEXIS 83855, at *6 ("the case law barring indemnification claims relating to FLSA liability will not apply to Defendant's counterclaim if Plaintiff is unsuccessful in proving that she was Defendant's employee. Accordingly, at this stage of the proceedings, the Court concludes that Defendant's counterclaim for indemnity is valid"); *Spellman,* 680 F. Supp. 2d at 192 (denying motion to dismiss indemnity claim because the defendant asserted that Plaintiffs were independent contractors and not employees and stating "the Court cannot say at this juncture that the counterclaim is preempted by, or contrary to the policy of the FLSA"). This case is at the same juncture, with identical allegations, and Plaintiffs' application for dismissal is thus premature and must be denied.


jackson lewis
Attorneys at Law

**III. Defendants Should Be Permitted To Implead Third-Party Entities Who Contracted to Provide Driving Services**

Defendants request leave pursuant to Federal Rule of Civil Procedure 14(a)(1) to serve and file third-party complaints against the contracting entities described above based on the contracts between those entities and Kinray. Like the Counterclaim-Defendants, these entities specifically entered into indemnification agreements with Kinray holding Kinray harmless with respect to Plaintiffs' claims in this lawsuit.

This Court has supplemental jurisdiction over all of the state law claims against the third-party contracting entities pursuant to 28 U.S.C. § 1367(a) because they arise from a common nucleus of operative fact as the FLSA claims, e.g. driving services provided to Kinray by Plaintiffs and allegedly similarly situated individuals.[4] At present, Defendants are aware of twenty-six entities which either were owned by or employed a Plaintiff.

Accordingly, Defendants respectfully request that Plaintiffs' application to move for dismissal of the Counterclaims be denied, and that Defendants be given leave to serve and file third-party complaints against the above-mentioned entities or, in the alternative permission to make a formal motion for such leave.

Respectfully submitted,

JACKSON LEWIS LLP

Felice B. Ekelman

NPT:dc

cc: Douglas Weiner, Esq. (*via ECF*)
Matthew Kadushin, Esq. (*via* ECF)
Noel P. Tripp, Esq. (internal)

[4] Pursuant to 28 U.S.C. § 1331, this Court would also have subject matter jurisdiction over any claims against the contracting entities to the extent Plaintiffs possess claims against them under the FLSA.