UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
FREDDY FERNANDEZ, LUIS VELASQUEZ, and GIOVANNY GONZALEZ, on behalf of themselves and all others similarly situated,

        Plaintiffs,

  -against-

KINRAY, INC, CARDINAL HEALTH, INC, STEWART RAHR, Individually and as Chief Executive Officer of Kinray, Inc., HOWARD HIRSCH, Individually and as Chief Financial Officer of Kinray, Inc., WILLIAM BODINGER, Individually and as Senior Vice President and General Manager of Kinray a Cardinal Health Company, and KERRY CLARK, Individually and as Chief Executive Officer of Cardinal Health, Inc.,

        Defendants.
---------------------------------------------------------x

CIVIL ACTION

13-cv-4938 (ARR) (SMG)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND THE COMPLAINT**

Douglas Weiner
Matthew D. Kadushin
D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
233 Broadway
5th Floor
New York, NY 10279
212-688-5640

*Attorneys for Plaintiffs, FLSA Collective Plaintiffs, and the Putative Class*

Plaintiffs Freddy Fernandez, Luis Velasquez, and Giovanny Gonzalez on behalf of themselves and all others similarly situated ("Drivers"), submit this memorandum in support of their motion to amend the complaint to add additional named Plaintiffs, and Class and Collective representatives.[1]

## I. PROCEDURAL HISTORY

On September 4, 2013, Plaintiffs Freddy Fernandez, Luis Velasquez, and Giovanny Gonzalez filed a complaint against the Defendants alleging that pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. and the New York Labor Law ("NYLL") §§ 191, 193, they and other courier drivers were employees of the Defendants rather than independent contractors. Plaintiffs further alleged that they and other Drivers consistently work over 40 hours in a week but Defendants failed to pay them time-and-a-half their regular rate for their overtime work and took illegal deductions from Drivers' wages.

On October 21, 2013, Defendants Kinray and Cardinal Health filed an answer. On October 22, 2013, Defendant Kinray ("Defendant") amended its answer ("Answer") to allege Counterclaims – which were subsequently dismissed by the Court on February 5, 2014 - against two of the named Plaintiffs and approximately half of the opt-ins for bringing this lawsuit.[2]

---

[1] With this Memorandum of Law, Plaintiffs submit the Declaration of Douglas Weiner, attaching thereto as Exhibit A is a true and correct copy of Plaintiffs' Complaint; attaching thereto as Exhibit B is a true and correct copy of Plaintiffs' First Amended Complaint showing changes; attaching thereto as Exhibit C is a true and correct clean copy of Plaintiffs' First Amended Complaint.

[2] Defendants were sufficiently on notice concerning Plaintiffs' plausible claims to respond to Plaintiffs' allegations with counterclaims. Defendants filed counterclaims against the following Plaintiffs and opt-ins: Roberto Amaya, Luis H. Arbolero, Nevil Bazurto, Ligia Becerra, Ramon Buitrago, Roberto Calero, Arturo Coello, Gerardo Correa, Donald Cruz, Santiago Escobar, Rubeu Espinoza, Carlos Fernandez, Cesar Fernandez, Alexis Franco, Henry Garcia, Jessica Gia, Carlos Gomez, Victor Gomez, Giovanny Gonzalez, Alejandro Huidobro, Perry Hutchins, Juan Daniel Lopez, Maria Lopez, Fred Martinez, Jorge Mena, Fabian Mendoza, Wilson Mesia, Pompeyo Moreno, Javier Munoz, Luis Navarrete, Myriam Paredes, Martha Pena, Maximino Pique, Marcos Posada, Eduardo Renferia, Hugo Reyes, Jose Robalino, Edgar Rodriguez, Maria Elena Romero, Carlos San Martin, Amin Sanchez, Angelo Sanchez, Carlos Santamario, Cristian Solorzano, Juler Solozano, Kevin Tarfur-Gonzalez,

1

On April 11, 2014, the Court conducted a Conference and instructed Plaintiffs to either (1) amend their Complaint to add additional representative Plaintiffs for purposes of Plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23 ("Plaintiff's Rule 23 Motion") and to focus Defendants' anticipated motion for summary judgment, or in the alternative, (2) reach a stipulation with Defendants regarding which opt-in Plaintiffs would be deemed representatives for said purposes.

On May 2, 2014, we served a proposed Amended Complaint, designating seventeen (17) class representatives consistent with this Court's April 11, 2014 Order. On May 16, 2014, Defendants gave notice that they intended to oppose Plaintiffs' proposed Amended Complaint. On May 19, 2014, counsel for the Parties met and conferred regarding Defendants' opposition to producing deponents while Plaintiffs' proposed amendment was pending. Thereafter, the Parties submitted letters to the Court outlining their respective positions regarding discovery and Plaintiffs' proposed Amended Complaint.

On May 30, 2014, the Court conducted a telephone Conference with counsel for the Parties. In response to Defendants' objections, Plaintiffs further revised their proposed Amended Complaint to add additional factual specificity and to reduce the number of designated class representatives to fifteen (15). On June 27, 2014, Plaintiffs served their proposed Amended Complaint on Defendants. On July 3, 2014, Defendants indicated that they still opposed Plaintiffs' amendment. Accordingly, Plaintiffs now move to amend their Complaint to designate certain Plaintiffs as Class and Collective representatives, and to add factual specificity to the Plaintiffs' allegations.

---

Feliciano Tello, Mario Tello, Miguel Torres, Martha Totore, Freddy Vasquez, Luis Velasquez, Jorge Veraga, Rigoberto Villalvir, Edwin Villamarin, Lucy Villamarin.

## II. ARGUMENT

### A. Leave to Amend Is Freely Given, and Plaintiffs Should Be Permitted to Amend the Complaint

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading at any time with leave of the court, and provides that "[t]he court should freely give leave when justice so requires." In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court emphasized the clear intent of this rule:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

In *Foman*, the Supreme Court cited specific reasons for denying a Rule 15(a) motion to amend. 371 U.S. at 182. Those reasons (undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment) are not present in this case.

There has been no "undue delay," "bad faith or dilatory motive on the part of the movant" or "repeated failure to cure deficiencies by amendments previously allowed." In substance the proposed amendment removes all allegations against all individual Defendants, supplements the factual allegations with more detailed specificity, and identifies 17 named Plaintiffs as representatives of four sub-classes of delivery drivers and helpers. The designated named Plaintiffs have responded to Defendants' interrogatories and document requests and made themselves available for deposition. Accordingly, Defendants cannot claim any prejudice. *See e.g., Gonzalez v. Nicholas Zito Racing Stable, Inc.*, 2008 U.S. Dist. LEXIS 27598, at \*10-11 (E.D.N.Y. Mar. 31, 2008) (holding that Defendants could not claim prejudice because opt-ins

3

had participated in discovery); *Niemiec v. Ann Bendick Realty*, 04-CV-897 (ENV) (KAM), 2007 U.S. Dist. LEXIS 98840, at *4-5, 43-44 (E.D.N.Y. Mar. 30, 2007)(permitting opt-in Plaintiffs to added as named Plaintiffs and class representatives).

Plaintiffs' further investigation of facts in support of their claims and identification of subclasses, as alleged in the proposed Amended Complaint, is appropriate as it allows Defendants to focus discovery and to efficiently raise its defenses against Plaintiffs' specific factual contentions. *Moore v. Publicis Groupe SA*, 2012 U.S. Dist. LEXIS 92675, at *13 (S.D.N.Y. June 28, 2012)("Courts have granted motions to amend a complaint when the motion is filed a couple of months after the production of documents.") (citing *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023, 2010 U.S. Dist. LEXIS 29267, 2010 WL 1257803, at *11 (E.D.N.Y. Mar. 26, 2010) (understanding that the plaintiffs preferred to have additional discovery before amending their complaint); *Enzymotec Ltd v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (citation omitted) (recognizing that "causes of action in a complaint must be based on factual allegations, not factual speculation.").

Accordingly, as leave to amend should be granted freely and there is no evidence of any reason to deny the motion, Plaintiffs' motion should be granted.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant them leave to amend the complaint as set forth in the attached proposed Amended Complaint.

Dated:  New York, New York                Respectfully submitted,
        July 7, 2014

                                            By: /s/  Douglas Weiner
                                                Douglas Weiner
                                                Matthew Kadusian
                                                D. Maimon Kirschenbaum
                                                JOSEPH & KIRSCHENBAUM LLP
                                                233 Broadway, 5th Floor
                                                New York, NY 10
                                                Tel: (212) 688-5640

                                              *Attorneys for Plaintiffs, FLSA Collective Plaintiffs, and the Putative Class*