**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
**FREDDY FERNANDEZ, LUIS**
**VELASQUEZ,  and GIOVANNY**
**GONZALEZ, on behalf of themselves and all**          **CIVIL ACTION**
**others similarly situated,**

                              **13-cv-4938 (ARR) (SMG)**

              **Plaintiffs,**

        **-against-**

**KINRAY, INC, CARDINAL HEALTH, INC,**
**STEWART RAHR, Individually and as Chief**
**Executive Officer of Kinray, Inc., HOWARD**
**HIRSCH, Individually and as Chief Financial**
**Officer of Kinray, Inc., WILLIAM**
**BODINGER, Individually and as Senior Vice**
**President and General Manager of Kinray a**
**Cardinal Health Company, and KERRY**
**CLARK, Individually and as Chief Executive**
**Officer of Cardinal Health, Inc.,**

              **Defendants.**
--------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS AND IN SUPPORT OF**
**THEIR MOTION TO AMEND THE COMPLAINT**

Douglas Weiner
Matthew D. Kadushin
D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
233 Broadway
5th Floor
New York, NY 10279
212-688-5640

*Attorneys for Plaintiffs, FLSA Collective Plaintiffs, and the Putative Class*

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................ i

**I. INTRODUCTION** ...................................................................................... 1

**II. PROCEDURAL HISTORY** ..................................................................... 2

**III. ARGUMENT** ........................................................................................ 4

    **A. Plaintiffs Have Pled An Employment Relationship Under The FLSA** ................. 5

    **B. Plaintiffs Sufficiently Plead A Class And Collective Action** ................................. 11

    **C. Leave To Amend Is Freely Given, And Plaintiffs Should Be**

       **Permitted To Amend The Complaint** ..................................................... 13

    **IV. CONCLUSION** .................................................................................... 15

## TABLE OF AUTHORITIES

### <u>CASES</u>

*Arena v. Delux Transp. Servs.,*
  12-CV-1718, 2013 U.S. Dist. LEXIS 23964 (E.D.N.Y. Feb. 15, 2013) ..................... 8,11

*Arena v. Plandome Taxi Inc.,*
  12 CV 1078 (DRH)(WDW) , 2014 U.S. Dist. LEXIS 51967, at *13-20
  (E.D.N.Y. Apr. 14, 2014)(Wexler, J.)........................................................................ 9,11

*Banks v. Correctional Services Corp.,*
  475 F. Supp. 2d 189, 198 (E.D.N.Y. 2007) ..................................................... 6

*Beaulieu v. EQ Indus. Servs.,*
  2009 U.S. Dist. LEXIS 133023, at *18 (E.D.N.C. Apr. 20, 2009)................................... 13

*Bernstein v. Seeman,*
   593 F. Supp. 2d 630 (S.D.N.Y. 2009) ............................................................... 6

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ...........................................................................................4,7

*Belsito Communications, Inc. v. Dell, Inc.,*
   No. 12-CV-6255 (CS), 2013 U.S. Dist. LEXIS 130598,  at *36-38
  (S.D.N.Y. Sep.12, 2013) ........................................................................... 12

*Bizjak v Gramercy Capital Corp.,*
  95 A.D.3d 469 (N.Y. App. Div. 1st Dep't 2012.....................................................10

*Blair v. Transam Trucking, Inc.,*
  09-2443-EFM/KGG, 2013 U.S. Dist. LEXIS 161568, at * 10
  (D. Kan. Nov. 13, 2013) .......................................................................... 9

*Boykin v. KeyCorp.,*
  521 F.3d 202 (2d. Cir. 2008) ........................................................................4

*Brock v. Superior Care, Inc.,*
  840 F.2d 1054 (2d Cir.1988) ......................................................................5,7

*Brown v. Club Assist Rd. Serv. U.S., Inc.,*
  12 CV 5710, 2013 U.S. Dist. LEXIS 133990 (N.D. Ill. Sept. 19, 2013) ......................... 7

*Chenensky v. New York Life Ins. Co.,*
  2011 U.S. Dist. LEXIS 48199, at *12 (S.D.N.Y. Apr. 27, 2011)(Pauley, J.).................... 13

*Eberline v. Media Net LLC,*
  No. 1:13CV100, 2013 U.S. Dist. LEXIS 96313 (S.D. Miss. July 10, 2013) .................... 7

i

*Erickson v. Pardus,*
    551 U.S. 89 (2007) ................................................................ 4

*Evans v. Massmutual Fin. Group,*
    09-CV-6028, 2009 U.S. Dist. LEXIS 99428 (W.D.N.Y. Oct. 23, 2009) ...................... 4,6

*Fernandez v. Kinray, Inc.,*
13-CV-4938 (ARR) (SMG), 2014 U.S. Dist. LEXIS 17954 (E.D.N.Y. Feb. 5, 2014).   ..............3

*Foman v. Davis,*
    371 U.S. 178, 182 (1962),................................................................ 14

*Fowler v. Scores Holding Co.,*
    677 F. Supp. 2d 673 (S.D.N.Y. 2009) ............................................ 6

*Gisomme v. Healthex Corp.*
    CV 13-2541 (LDW) (WDW), 2014 U.S. Dist. LEXIS 67588
    (E.D.N.Y. May 15, 2014)(Wexler, J.)   ............................................ 10

*Grand Heritage Mgmt., LLC v. Murphy,*
    06-CV-5977, 2007 U.S. Dist. LEXIS 83114 (S.D.N.Y. Nov. 6, 2007) ...........................6

*Harrington v. Potter,*
    09-CV-1322, 2010 U.S. Dist. Lexis 52738 (N.D.N.Y.May 28, 2010) ............................6

*Harris v. Coastal Offshore, Inc.,*
    No. C-11-58, 2011 U.S. Dist. LEXIS 64314 (S.D. Tex. June 16, 2011) ......................... 7

*Harris v. Scriptfleet, Inc.,*
    11-CV-4561, 2011 U.S. Dist. LEXIS 139870 (D.N.J. Dec. 6, 2011) ...............................9

*Hart v. Crab Addison, Inc.,*
    13-CV-6458 CJS, 2014 U.S. Dist. LEXIS 85916, at *45
    (W.D.N.Y. June 24, 2014). ............................................................12

*Juan Su v. Guang Yang Li,*
    10-CV-5268, 2011 U.S. Dist. LEXIS 84168 (D.N.J. Aug. 1, 2011) ............................... 7

*Kassman v. KPMG LLP,*
    925 F.Supp.2d 453, 464 (S.D.N.Y. 2013)......................................................12

*Lehman v. Legg Mason, Inc.,*
    532 F. Supp. 2d 726 733 (M.D. Pa. 2007) .................................................. 7

*Lewis v. ASAP Land Express, Inc.,*
    554 F. Supp. 2d 1217 (D. Kan. 2008) .......................................................... 10

*Mazzola v. Roomster Corp.,*
    849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012)(Koeltl, J.) ................................... 13

*McCollim v. Allied Custom Homes, Inc.,*
    No. H-08-3754, 2009 U.S. Dist. LEXIS 34989 ................................................................7

*Meyer v. U.S. Tennis Ass'n,*
    11 Civ. 6268 (ALC)(MHD), 2013 U.S. Dist. LEXIS 184223, at *38-39
    (S.D.N.Y. Dec. 6, 2013)................................................................................... 11

*Moreno v. Ferretti Group of Am., LLC,*
    No. 10-24507, 2011 U.S. Dist. LEXIS 109718, at *5 (S.D. Fla. Sept. 27, 2011) ............ 7

*Nationwide Mut. Ins. Co. v. Darden,*
    503 U.S. 318, 326 (1992) ................................................................................... 5

*Perez v. Aircom Mgmt.*, 12-CV-60322,
    2012 U.S. Dist. LEXIS 184415 (S.D.Fla. June 26, 2012) ................................................7

*Pilyavsky v. U.S. Dep't of Justice,*
    05-CV-2920, 2006 U.S. Dist. LEXIS 8935 (S.D.N.Y. Mar. 6, 2006)................................ 6

*Puleo v. SMG Prop. Mgmt.,*
    Case No. 6:08-cv-86-Orl-22DAB, 2008 U.S. Dist. LEXIS 66582
    (M.D. Fla. Aug. 20, 2008) .................................................................................. 7

*Roberts v. Caballero & Castellanos, PL,*
    No. 09-23131, 2010 U.S. Dist. LEXIS 1783 (S.D. Fla. Jan. 11, 2010) ............................7

*Robidoux v. Celani,*
    987 F.2d 931, 937 (2d Cir. 1993 ....................................................................... 13

*Rutherford Food Corp. v. McComb,*
    331 U.S. 722 (1947) .........................................................................................5

*Scantland v. Jeffry Knight, Inc.,*
    721 F.3d 1308 (11th Cir. 2013) ......................................................................... 9

*Solis v. Velocity Express, Inc.,*
    No. 09-864, 2010 U.S. Dist. LEXIS 84973 (D. Or. Aug. 12, 2010) .................................. 9

*Spencer v. No Parking Today, Inc.,*
    12 Civ. 6323, 2013 U.S. Dist. LEXIS 36357, at *39-40
    (S.D.N.Y. Mar. 15, 2013) ...............................................................................13

*Spiteri v. Russo,*
    12-CV-2780 (MKB) (RLM), 2013 U.S. Dist. LEXIS 128379, at * 218-220
    (E.D.N.Y. Sept. 7, 2013).................................................................................11

*United States v. Rosenwasser,*
    323 U.S. 360 (1945) ......................................................................................... 5

iii

## <u>STATUTES, RULES AND REGULATIONS</u>

29 USC § 201 ............................................................................................................... 1,3

29 USC § 216(b) ............................................................................................................ 2

29 USC § 203(d) ........................................................................................................... 5

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 4

Fed.R.Civ.P. 56 ............................................................................................................ 5

NYLL §§ 191, 193 ........................................................................................................ 1,3

Plaintiffs Freddy Fernandez, Luis Velasquez, Esmeralda Amaya, Rafael Casasola, Arturo Coello, Franky Dorado, Ruben Espinoza, Julio Gomez, Giovanny Gonzalez, Neil Guzman, Henry Narvaez, Luis Fernando Navarrete, Maria Romero, Freddy Vasquez, and Luis Velasquez, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), respectfully submit this Memorandum of Law in Opposition to Defendants' Cross-Motion for Judgment on the Pleadings and in Support of their Motion to Amend the Complaint to add additional named Plaintiffs, and Class and Collective representatives ("Motion" or "Mot.").

## I.  <u>INTRODUCTION</u>

Plaintiffs' proposal to amend the Complaint solely for the purposes of adding additional named plaintiffs/class representatives and dividing the class into sub-classes should be granted because it does not change their central contentions or legal theory of liability and damages. Specifically, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. and the New York Labor Law ("NYLL") §§ 191, 193, Plaintiffs contend that, despite Defendants' misclassification of their status as independent contractors, they are in reality Defendants' employees, entitled to the wage protections of state and federal employment law. (Amend. Compl. ¶¶ 14, 17.)  Plaintiffs further allege that they and other Drivers, Drivers with Helpers, Helpers and Extras consistently work for Defendants over 40 hours in a week but that Defendants failed to pay them overtime wages for their overtime work and took illegal deductions from their wages, in violation of the FLSA and NYLL. (Amend. Compl. ¶¶ 24, 26, 28, 68.)  Seeking to remedy Defendants' wage and overtime violations, Plaintiffs bring this case as a class and collective action to recover unpaid overtime wages and illegal deductions, pursuant to the FLSA and NYLL.

Defendants' Opposition to Plaintiffs' Motion to Amend the Complaint and Cross Motion to Dismiss Plaintiffs' Amended Complaint is without merit.  Courts in this District and others have held that the question of Plaintiffs' employment status under the FLSA and NYLL is a factually specific determination that is best resolved at summary judgment and/or trial. Plaintiffs' proposed Amended Complaint – which includes even more factual allegations than the original Complaint– sets forth more than sufficient facts for Plaintiffs to be deemed employees under the FLSA and NYLL.

Similarly, it is premature for Defendants to attack the Plaintiffs' class and collective action allegations on the grounds that Plaintiffs cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and/or 29 U.S.C. § 216(b).  Courts in this Circuit have consistently rejected such applications before the Plaintiffs are permitted to conduct relevant discovery in order to fully brief their motions for class and collective certification. At a later stage of this case, upon the Plaintiffs' motion for class and collective certification with support from deposition testimony, declarations and briefs, the Court will have a fully developed factual record to consider in determining which classes and subclasses to certify, if any. Accordingly, the Defendants' argument that Plaintiffs cannot satisfy the requirements of Rule 23 and/or 29 U.S.C. § 216(b) is premature and improper at the current stage of this case.

Accordingly, the Court should grant Plaintiffs' Motion to amend their Complaint in its entirety and deny Defendants' Cross Motion to dismiss in its entirety.

## II.  PROCEDURAL HISTORY

On September 4, 2013, Plaintiffs Freddy Fernandez, Luis Velasquez, and Giovanny Gonzalez filed a complaint against the Defendants alleging that Plaintiffs were misclassified as independent contractors when in reality they were employees under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201, *et seq*. and the New York Labor Law ("NYLL") §§ 191, 193. As a result, Defendants are liable for failing to pay them time-and-a-half their regular rate for their overtime work and for illegal deductions from their wages.

On October 21, 2013, Defendants Kinray and Cardinal Health filed an answer. On October 22, 2013, Defendant Kinray ("Defendant") amended its answer ("Answer") to allege Counterclaims against two of the named Plaintiffs and approximately thirty of the opt-ins for bringing this lawsuit.

On February 5, 2014, Judge Allyne Ross dismissed Defendants' counterclaims. *Fernandez v. Kinray, Inc.*, 13-CV-4938 (ARR) (SMG), 2014 U.S. Dist. LEXIS 17954 (E.D.N.Y. Feb. 5, 2014). In doing so, Judge Ross recognized that Plaintiffs' complaint sufficiently pleads that they are employees under the FLSA and NYLL, and that "[D]efendants' allegation that [P]laintiffs are independent contractors, not employees, is a legal conclusion rather than a factual allegation." *Id.* at 29.

On April 11, 2014, the Court conducted a Conference and instructed Plaintiffs to either (1) amend their Complaint to add additional representative Plaintiffs for purposes of Plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23 ("Plaintiff's Rule 23 Motion"), or in the alternative, (2) reach a stipulation with Defendants regarding which opt-in Plaintiffs would be deemed representatives for said purposes.

On May 2, 2014, Plaintiffs served a proposed Amended Complaint, designating seventeen (17) class representatives consistent with this Court's April 11, 2014 Order. On May 16, 2014, Defendants gave notice that they intended to oppose Plaintiffs' proposed Amended Complaint. On May 19, 2014, counsel for the Parties met and conferred regarding Defendants' opposition to producing deponents while Plaintiffs' proposed amendment was pending. Thereafter, the Parties

3

submitted letters to the Court outlining their respective positions regarding discovery and Plaintiffs' proposed Amended Complaint.

On May 30, 2014, the Court conducted a telephone Conference with counsel for the Parties. In response to Defendants' objections, Plaintiffs further revised their proposed Amended Complaint to add additional factual specificity and to reduce the number of designated class representatives to fifteen (15).   On June 27, 2014, Plaintiffs served their proposed Amended Complaint on Defendants. On July 3, 2014, Defendants informed Plaintiffs' counsel that they still opposed Plaintiffs' amendment.

On July 7, 2014, Plaintiffs moved to amend their Complaint to designate certain Plaintiffs as Class and Collective representatives, and to add factual specificity to the Plaintiffs' allegations. On July 21, 2014, Defendants filed a Cross-Motion for Judgment on the Pleadings and Opposed Plaintiffs' Motion to Amend.

## III.   <u>ARGUMENT</u>

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  This standard does not require "heightened fact pleading of specifics." *Id.*  Rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007); *Boykin v. KeyCorp.,* 521 F.3d 202, 214 (2d. Cir. 2008).  The court must liberally construe the claims, accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *Twombly,* 550 U.S at 555-56.  Moreover, the Court "is normally required to look only to the allegations on the face of the complaint." *Evans v. Massmutual Fin. Group*, 09-CV-6028, 2009 U.S. Dist. LEXIS 99428, at *7 (W.D.N.Y. Oct. 23, 2009). Finally, the

4

Court should only consider matters outside the pleadings if the Court is going to "treat the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56." *Id.*

## A.    PLAINTIFFS HAVE PLED AN EMPLOYMENT RELATIONSHIP UNDER THE FLSA

The FLSA applies to a wide range of employment relationships. The Act's text is expansive; it defines "employer" to "include[] any person acting directly or indirectly in the interest of an employer in relation to an employee," "employee" as "any individual employed by an employer," and "employ" to "include[ ] to suffer or permit to work." 29 U.S.C. § 203(d), (e)(1), (g). The Supreme Court and the Second Circuit have explicitly and repeatedly recognized that this language demonstrates Congress's intent for the FLSA to apply broadly. *See, e.g.*, *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (noting that "employ" is defined with "striking breadth") (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728 (1947) (holding that the FLSA expanded common law definitions of employment to cover workers performing services in "the normal course of an employee"); *United States v. Rosenwasser*, 323 U.S. 360, 362 (1945) ("A broader or more comprehensive coverage of employees . . . would be difficult to frame."); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058 (2d Cir.1988) ("The definition is necessarily a broad one in accordance with the remedial purposes of the Act."). Thus, the determination of whether a worker is covered by the FLSA must be made in the context of these sweeping definitions and courts' expansive reading of the FLSA's scope.  In this case, Plaintiffs' allegation that they are Defendants' employees cannot be dismissed on the pleadings as Defendants request.

Due to the factual nature necessary to establish an employment relationship, as set forth below, courts in this District and others have held that the question of employment status could be resolved only after a factual record has been established and not on a motion to dismiss.

*Banks v. Correctional Services Corp.*, 475 F. Supp. 2d 189, 198 (E.D.N.Y. 2007) (Feuerstein, J.) ("Defendant's argument that Plaintiff was an independent contractor is more appropriately made in a motion for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, can be examined to determine whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law."); *Harrington v. Potter*, 09-CV-1322, 2010 U.S. Dist. Lexis 52738, at *7-8 (N.D.N.Y. May 28, 2010) (denying motion to dismiss on independent contractor grounds because "[t]his factual determination cannot be made on the instant motion [to dismiss] because it requires review of evidence beyond the allegations in the Complaint."); *Evans v. Massmutual Fin. Group*, 09-CV-6028 CJS, 2009 U.S. Dist. LEXIS 99428, at * 11 (W.D.N.Y. Oct. 23, 2009) ("The Complaint alleges that Plaintiff was 'employed' by Defendants … Contrary to Defendants' contention … Plaintiff is not required at the pleading stage to 'establish' or 'provide substantive evidence' that he was an employee."); *Fowler v. Scores Holding Co.*, 677 F. Supp. 2d 673, 680 (S.D.N.Y. 2009) ("It is by now well-settled that a determination that an employer-employee relationship exists may rest upon evidence that the employer exercises either control over the results produced or over the means used to achieve the results. Accordingly, such a determination is more appropriately made at the summary judgment stage.")(internal quotations and citations omitted).[1]

---

[1]   *See also Bernstein v. Seeman*, 593 F. Supp. 2d 630, 634 (S.D.N.Y. 2009) (determining employment status "requires the presentation of additional facts to the Court, and defendant's motion to dismiss is not the appropriate stage at which to resolve such matter."); *Grand Heritage Mgmt., LLC v. Murphy*, 06-CV-5977, 2007 U.S. Dist. LEXIS 83114, at *22 (S.D.N.Y. Nov. 6, 2007) ("Accordingly, the question of whether [plaintiffs] were Grand Heritage employees is better resolved on a motion for summary judgment and with a complete factual record of the relationship between the parties."); *Pilyavsky v. U.S. Dep't of Justice*, 05-CV-2920, 2006 U.S. Dist. LEXIS 8935, at *17-18 (S.D.N.Y. Mar. 6, 2006) ("Here, without a fully developed factual record it is simply impossible for the Court to make a determination as to the presence or absence of each of the Reid factors. As noted above, [Plaintiff] has alleged numerous specific and uncontroverted facts that, if true, could result in a

In *Brock*, the Second Circuit set forth a fact-based analysis termed the "economic reality test" to determine whether an individual is a statutory employee under the FLSA or is actually in business for themselves as an independent contractor. 840 F.2d at 1058-1059. The *Brock* court lists five non-exclusive factors to consider whether the worker is an employee:

> (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.

*Id.* The five listed factors are not exclusive; rather, the totality of the circumstances of each case should be considered. *Id.* at 1059.

---

finding that he was an employee."); *Brown v. Club Assist Rd. Serv. U.S., Inc.*, 12 CV 5710, 2013 U.S. Dist. LEXIS 133990, at *17, 19 (N.D. Ill. Sept. 19, 2013) (denying motion to dismiss) ("Defendant's contention that the contracts alone preclude Plaintiffs from falling within the scope of the FLSA is at odds with this totality of circumstances/multi-factor approach … whether the final analysis goes to Plaintiffs or Defendant is a matter more appropriately resolved at summary judgment."); *Eberline v. Media Net LLC*, No. 1:13CV100, 2013 U.S. Dist. LEXIS 96313 (S.D. Miss. July 10, 2013) (denying motion to dismiss and refusing to consider independent contractor agreement); *Perez v. Aircom Mgmt.*, 12-CV-60322, 2012 U.S. Dist. LEXIS 184415, at *2 (S.D. Fla. June 26, 2012) (stating that defendant's "assertion that [plaintiff] was an independent contractor rather than an employee is a factual issue more appropriately resolved at summary judgment."); *Moreno v. Ferretti Group of Am., LLC*, No. 10-24507, 2011 U.S. Dist. LEXIS 109718, at *5 (S.D. Fla. Sept. 27, 2011) (ruling that an FLSA plaintiff need not plead detailed facts that he was an employee, rather than an independent contractor); *Juan Su v. Guang Yang Li*, 10-CV-5268, 2011 U.S. Dist. LEXIS 84168, at *10-17 (D.N.J. Aug. 1, 2011) (ruling that it was sufficient under *Twombly* for an FLSA complaint to plead that defendant was plaintiffs' employer); *Harris v. Coastal Offshore, Inc.,* No. C-11-58, 2011 U.S. Dist. LEXIS 64314, at *13-14 (S.D. Tex. June 16, 2011) (finding that despite defendants' argument that the plaintiff was an independent contractor, it was sufficient that the FLSA complaint alleged that the plaintiff was employed by the defendant); *Roberts v. Caballero & Castellanos, PL*, No. 09-23131, 2010 U.S. Dist. LEXIS 1783, *8-9 (S.D. Fla. Jan. 11, 2010) (ruling that an FLSA plaintiff "need only adequately allege that she was an employee of [defendant]" and was not required to plead "allegations that rebut [defendant's] defense that she was an independent contractor."); *McCollim v. Allied Custom Homes, Inc*., No. H-08-3754, 2009 U.S. Dist. LEXIS 34989, at *8 (S.D. Tex. Apr. 23, 2009) (FLSA plaintiff not required to plead "detailed facts that would 'determine' or 'establish' that she was an employee rather than an independent contractor"); *Lehman v. Legg Mason, Inc.,* 532 F. Supp. 2d 726, 733 (M.D. Pa. 2007) (finding that plaintiff met the pleading standard under *Twombly* by alleging that the defendant "employed, and/or continues to employ, Plaintiff and each member of the Nationwide Collective Class within the meaning of the FLSA.")*; Puleo v. SMG Prop. Mgmt.*, Case No. 6:08-cv-86-Orl-22DAB, 2008 U.S. Dist. LEXIS 66582, at *6 (M.D. Fla. Aug. 20, 2008) (FLSA complaint which pled an employee-employer relationship was sufficient).

Even though not required under the pleading standards, Plaintiffs plead an abundance of specific detailed facts that, if proved true, establish an employment relationship. Specifically, Plaintiffs allege that: (1) Defendants required Plaintiffs and all Class Members to report to its warehouses at precise arrival times to wait for Defendants' warehouse employees to load Plaintiffs' vehicles with prepackaged totes for delivery to Defendants' specified customers; (2) Defendants established delivery routes and issued to Plaintiffs and all members of the Class written "manifests" specifying the identity, location and the precise time and sequence of each stop on each route, leaving Plaintiffs and all Class Members with no discretion to alter the assigned route under any circumstances; (3) Defendants disciplined Plaintiffs and all Class Members for tardy arrival at its warehouses or for making deliveries that varied from Defendants' instructions; (4) Defendants prohibited Plaintiffs and all Class members from dealing directly with Defendants' customers to independently offer their delivery services; (5) Plaintiffs and all Class members depended upon Defendants to provide their entire annual compensation for years; (6) Plaintiffs and all Class members worked continuously full-time for Defendants for uninterrupted durations of many years; (7) Plaintiffs and all Class members provided delivery services on daily and weekly schedules established by the Defendants' which were neither temporary nor sporadic; and, (8) Plaintiffs and all Class members worked daily and weekly for Defendants performing the same routine deliveries to Defendants' customers on fixed routes. (Amend. Compl. ¶¶ 264-266, 272-75. ¶¶ 14, 17.) Finally, Plaintiffs specifically pled that they are employees of Defendants, and that Defendants hired them. (*Id.* ¶¶ 14, 17, 84.)

These robust factual allegations are sufficient to defeat a motion to dismiss and, if proven, even defeat a motion for summary judgment. *Arena v. Delux Transp. Servs.*, 12-CV-1718, 2013 U.S. Dist. LEXIS 23964, at *3, 7 (E.D.N.Y. Feb. 15, 2013) (Wexler, J.) (denying

motion to dismiss where "Defendants exercised full control over, inter alia, Plaintiff's hours, the routes Plaintiff drove, the car Plaintiff drove, the passengers to take, the manner in which to greet passengers, which fares to take, and the manner in which the car was kept clean."); *Arena v. Plandome Taxi Inc.*, 12 CV 1078 (DRH)(WDW) , 2014 U.S. Dist. LEXIS 51967, at *13-20 (E.D.N.Y. Apr. 14, 2014)(Wexler, J.)(denying defendant's motion for judgment as to whether plaintiff was defendant's employee where defendant exercised sufficient control including requiring plaintiff to work specific schedule but granting on other grounds); *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1313 (11th Cir. 2013) (denying defendants' motion for summary judgment where "[t]echnicians were required to report to a Knight facility by 7:00 to 7:15 each morning. Technicians would turn in equipment from the previous day ... Plaintiffs would also receive a "route" detailing the current day's work orders."); *Blair v. Transam Trucking, Inc.*, 09-2443-EFM/KGG, 2013 U.S. Dist. LEXIS 161568, at * 10 (D. Kan. Nov. 13, 2013) (denying defendant's motion for summary judgment where "Plaintiff presents evidence that Defendant may have exercised control over Plaintiffs' work, including such work activities as the right to hire or fire employees, the routes in which Plaintiffs must drive, and Plaintiffs' ability to dictate their profit and loss."); *Harris v. Scriptfleet, Inc.*, 11-CV-4561, 2011 U.S. Dist. LEXIS 139870, at *5-6 (D.N.J. Dec. 6, 2011) (holding plaintiff pled sufficient facts where, like here, the defendant "required that medical couriers start each work day at a fixed time and location, demanded that couriers wait at start locations for hours until Defendant permitted them to begin their deliveries, monitored and provided couriers work instructions throughout the day, required couriers to end the day at a fixed location, and suspended and/or terminated couriers who violated company rules."); *Solis v. Velocity Express, Inc.*, No. 09-864, 2010 U.S. Dist. LEXIS 84973, at *15-20 (D. Or. Aug. 12, 2010)(denying summary judgment where defendants required

drivers to arrive at specific times and assigned them fixed routes); *Lewis v. ASAP Land Express, Inc.*, 554 F. Supp. 2d 1217, 1223 (D. Kan. 2008)(same).

Defendants' reliance on Judge Wexler's decision in *Gisomme v. Healthex Corp.* is misplaced. CV 13-2541 (LDW) (WDW), 2014 U.S. Dist. LEXIS 67588 (E.D.N.Y. May 15, 2014)(Wexler, J.).   In *Gisomme*, the plaintiffs - who worked as drivers - alleged that the defendants (two corporations and one individual), improperly classified them as independent contractors and denied them minimum wage and overtime compensation. *Id.* at 1. Judge Wexler granted defendants' motion to dismiss, finding that plaintiffs: (1) failed to plead the hours that they worked; (2) did not establish the existence of an employment relationship between themselves and *any* of the defendants; (3) did not specify which, if any, of defendants "employed plaintiffs and which had or exercised the power to hire or fire plaintiffs, supervise or control their work schedules, set conditions of employment, determine rates or methods of pay, or maintain employment records[;]" (4) did not sufficiently prove that the individual defendant "had operational involvement and control"  of the corporate defendants such that he was an employer; and (5) did not  establish that either corporate defendant "exercised 'formal control' or 'functional control' over plaintiffs." *Id.* at 7-11.

Judge Wexler's finding in Gisomme that  the complaint did not sufficiently allege that both corporate defendants exercised "formal" or "functional" control is not surprising. Specifically, the sole facts alleged regarding the plaintiffs' employment relationship were that the defendants directed plaintiffs "when to arrive at pharmacies to pick up deliveries[,]" required plaintiffs to use "handheld scanners" and required plaintiffs to "return all undeliverable items." (Eckelman Ex. C., ¶¶ 45-52.) [2]   Here, however, as set forth above, *see surpa* p. 8, Plaintiffs

---

[2]   Defendants rely on two additional cases that are completely inapposite from the facts, circumstances, and procedural posture of this case. Firstly, in *Bizjak v Gramercy Capital Corp.*, the court dismissed

alleged that Defendants exercised complete control over plaintiffs throughout the day including setting forth the schedule, route, order of deliveries and disciplining Plaintiffs for failing to follow Defendants' directives.

As such, the facts of this case are akin to those alleged by the plaintiffs in Judge Wexler's decisions in *Arena v. Delux Transp. Servs* and *Arena v. Plandome Taxi Inc.* and all the other cases upon which Plaintiffs rely, *see supra* pp. 7-9, where the courts denied defendants' motions to dismiss and/or motions for summary judgment.

## B.   PLAINTIFFS SUFFICIENTLY PLEAD A CLASS AND COLLECTIVE ACTION

The Court should deny Defendants' motion to dismiss Plaintiffs' class and collective action allegations as premature. Plaintiffs alleged Defendants had a common policy of misclassifying Plaintiffs and all class members as independent contractors instead of employees. This issue is not yet ripe for adjudication of class certification.  Accordingly Defendants' argument that Plaintiffs cannot satisfy the requirements of Rule 23 may not be adjudicated by Defendants' motion to dismiss and is better suited in opposition to Plaintiffs' anticipated motion for class certification.

As in the original Complaint, Plaintiffs' proposed Amended Complaint alleges that Defendants uniformly misclassified them as independent contractors rather than employees. Accordingly, Plaintiffs' allegations are suitable for Rule 23 class certification. *See Meyer v. U.S. Tennis Ass'n*, 11 Civ. 6268 (ALC)(MHD), 2013 U.S. Dist. LEXIS 184223, at *38-39 (S.D.N.Y.

---

the plaintiff's claim on summary judgment and not on motion to dismiss. 95 A.D.3d 469 (N.Y. App. Div. 1st Dep't 2012). Further, court specifically stated that some of the plaintiff's "contentions of control are unsupported by the record" without any discussion of which contentions were not supported. *Id.* at 470.  In *Spiteri v. Russo*, the plaintiff was *pro se*, and the court considered numerous admissions plaintiff made at oral argument which conceded the fact that defendants did not exercise any control over him.  12-CV-2780 (MKB) (RLM), 2013 U.S. Dist. LEXIS 128379, at * 218-220 (E.D.N.Y. Sept. 7, 2013).

Dec. 6, 2013) (certifying class action where class members were classified as independent contractors and finding that common questions predominated over individualized issues because all class members performed substantially similar duties); *Hart v. Rick's Cabaret Int'l Inc.*, No. 09-3043, 2010 U.S. Dist. LEXIS 137129, at *21 (S.D.N.Y. Dec. 17, 2010) ("As other courts have previously found, the propriety of the defendants' blanket categorization of the plaintiffs as independent contractors, and, if improper, the legal consequences of that categorization, by their nature tend to predominate over any individual issues").

Defendants ignore clear authority with respect to such motions and prematurely attack the merits of Plaintiffs' anticipated Rule 23 motion, arguing, for example, that Plaintiffs cannot satisfy the commonality requirement. (Defs' Mot. at 7-8.)  Accordingly, "[t]his Court [should] construe[] Defendants' motion as one to strike the class allegations, pursuant to Rule 23(d)(1)(D)." *Hart v. Crab Addison, Inc.*, 13-CV-6458 CJS, 2014 U.S. Dist. LEXIS 85916, at *45 (W.D.N.Y. June 24, 2014). Unfortunately for Defendants,  "such motions are disfavored[:]"

> Motions to strike are generally disfavored. A motion to strike class allegations is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of [the] litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification. Accordingly, district courts in this Circuit have frequently found that a determination whether the Rule 23 requirements are met is more properly deferred to the class certification stage, when a more complete factual record can aid the Court in making this determination.

*Hart*, 2014 U.S. Dist. LEXIS 85916, at * 46-47 (citations and quotations omitted). *See Kassman v. KPMG LLP*, 925 F.Supp.2d 453, 464 (S.D.N.Y. 2013) ("[I]n this Circuit, a motion to strike class claims is considered premature if the issues raised are the same ones that would be decided in connection with determining the appropriateness of class certification under Rules 23(a) and 23(b).") (citations and internal quotation marks omitted); *Belsito Communications, Inc.*

*v. Dell*, Inc., No. 12-CV-6255 (CS), 2013 U.S. Dist. LEXIS 130598,  at *36-38 (S.D.N.Y. Sep.12, 2013)(same); *Mazzola v. Roomster Corp.*, 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012)(Koeltl, J.)(same); *Chenensky v. New York Life Ins. Co.*, 2011 U.S. Dist. LEXIS 48199, at *12 (S.D.N.Y. Apr. 27, 2011)(Pauley, J.)(same).   Accordingly, Defendants' argument that Plaintiffs cannot satisfy the commonality and predominance requirements of Rule 23 is improper at this early stage of litigation.

Likewise, any argument regarding Plaintiffs' proposed sub-classes should be addressed in connection with Plaintiffs' anticipated motion for Rule 23 Class certification, as the class definition can be modified by the Court at any time up and until final judgment.  As such, Courts in this District do not dismiss complaints because of issues related to the definition of the proposed class.  *Spencer v. No Parking Today, Inc.,* 12 Civ. 6323, 2013 U.S. Dist. LEXIS 36357, at *39-40 (S.D.N.Y. Mar. 15, 2013) ("A court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly.") (quoting *Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir. 1993)); *Beaulieu v. EQ Indus. Servs.*, 2009 U.S. Dist. LEXIS 133023, at *18 (E.D.N.C. Apr. 20, 2009) ("The definition of the class ultimately is to be determined by the court, not the parties.")

In this case, the Defendants' attack on the merits of Plaintiffs' anticipated Rule 23 motion is improper at this stage of the litigation and should not be considered until the record is fully developed.  Accordingly Defendants' motion to strike the class allegations should be denied.

### C.    LEAVE TO AMEND IS FREELY GIVEN, AND PLAINTIFFS SHOULD BE PERMITTED TO AMEND THE COMPLAINT

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading at any time with leave of the court, and provides that "[t]he court should freely give leave when justice so

requires."   In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court emphasized the clear intent of this rule:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

In *Foman*, the Supreme Court cited specific reasons for denying a Rule 15(a) motion to amend.  371 U.S. at 182.  Those reasons (undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment) are not present in this case.

In this case, there has been no "undue delay," "bad faith or dilatory motive on the part of the movant" or "repeated failure to cure deficiencies by amendments previously allowed." Indeed, the only argument that Defendants make regarding prejudice is that Defendants were not aware whether Freddy Fernandez would be a named Plaintiff at the time that they took his deposition and that this affected their ability to take his deposition. However, Defendants' argument makes little sense, in light of the relief that Defendants seek, *i.e.*, rejecting the proposed Amended Complaint and requiring the original Complaint to remain the operative complaint. The original Complaint also includes Freddy Fernandez as named/representative plaintiff. As discussed at the April 11, 2014 Court conference, should Defendants prevail on their motion to preclude Plaintiffs from amending the Complaint, Freddy Fernandez will  still be a named Plaintiff/class representative.  Give that under either scenario Freddy Fernandez is a named Plaintiff/class representative, it is ludicrous to assert that the proposed Amended Complaint prejudices the Defendants in any manner.

14

## IV.   <u>CONCLUSION</u>

Based upon the foregoing, the Court should grant Plaintiffs' motion to amend in its entirety and deny Defendants' Cross motion to dismiss in its entirety.

Dated:  New York, New York
          August 8, 2014

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

/s/ Douglas Weiner_____
Douglas Weiner
Matthew Kadushin
D. Maimon Kirschenbaum
233 Broadway, 5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiffs, collective action*
*members and proposed class members*

15