UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FREDDY FERNANDEZ, ESMERALDA AMAYA, RAFAEL CASASOLA, ARTURO COELLO, FRANKY DORADO, PAULA DORADO, RUBEN ESPINOZA, JULIO GOMEZ, GIOVANNY GONZALEZ, NEIL GUZMAN, HENRY NARVAEZ, LUIS FERNANDO NAVARRETE, MARIA ROMERO, FREDDY VASQUEZ, LUIS VELASQUEZ, on behalf of themselves and the Plaintiffs who have filed consents to sue to join this action,

    Plaintiffs,

-against-

KINRAY, INC., and CARDINAL HEALTH, INC.,

    Defendants.

13 CIV. 4938 (ARR)(SMG)

**STIPULATION REGARDING DISCOVERY AND DISPOSITIVE MOTION PRACTICE**

   IT IS HEREBY STIPULATED AND AGREED, by and between the Named Plaintiffs and putative Fair Labor Standards Act Opt-in Plaintiffs (together with the current Named Plaintiffs the "Plaintiffs") as follows, and Defendants KINRAY, INC. ("Kinray") and CARDINAL HEALTH, INC., ("Defendants," together with Plaintiffs "the Parties"), by and through their undersigned counsel, that:

   1. The Parties shall select a total of nineteen (19) "Bellwether" Plaintiffs for purposes of streamlining summary judgment practice as to all one hundred and twelve (112) current Plaintiffs.

   2. The Bellwether Plaintiffs shall be divided into two sub-groups, reflecting Plaintiffs who held contracts to provide delivery services to Kinray ("Drivers") and Plaintiffs who did not hold such contracts but allege that they provided delivery services to Kinray ("Helpers"). To the extent a Bellwether Plaintiff was a Driver for some time period within the limitations period and a Helper during another period within the limitations period, the Plaintiff will be considered a member of each group for the respective period.

   3. The Bellwether Plaintiffs shall include seven (7) of the Plaintiffs who already were deposed in this action, as follows: Freddy Fernandez (Driver); Julio Gomez, Jr.

(Driver); Maria Romero (Helper); Paula Dorado (Helper); Neil Guzman (Helper); Freddy Vasquez (Helper); and Henry Narvaez (Driver).

4. Plaintiffs and Defendants each shall select an additional six (6) Bellwether Plaintiffs, consisting of three (3) Drivers and three (3) Helpers. The Parties shall designate these twelve (12) additional Bellwether Plaintiffs by January 15, 2016. Either Party may designate as a Bellwether Plaintiff one of the five (5) other Plaintiffs already deposed in this matter based on the following designations: Rafael Casasolas (Driver); Michel Guevera (Driver); Claudia Coll (Driver); Frank Rodriguez (Helper); and Nevil S. Bazurto (Driver).

5. The Parties' summary judgment motions shall be limited to the issues of whether the Bellwether Plaintiffs were independent contractors or employees within the meaning of the Fair Labor Standards Act and New York Labor Law during their respective periods within the limitations period as Drivers and/or Helpers, as well as any other defense dispositive of one or more claim, including but not limited to exemption and preemption defenses.

6. All Plaintiffs shall fall into one or both of the two sub-groups, Drivers and Helpers, as defined in Paragraph 2, using the same criteria set forth therein. The Court's ruling on the motion(s) for summary judgment with respect to the two sub-groups shall apply to and be binding as to all Plaintiffs for the period of time that they fall within that subgroup. Specifically, the Court's ultimate dispositions of the Parties' summary judgment motions set forth in Paragraph 5 shall be dispositive and preclude any further summary judgment motions with respect to the employee/independent contractor status of all Plaintiffs as defined herein.

7. The Court's ruling shall be without prejudice to any other defense or issue including but not limited to whether Plaintiffs' claims are appropriate for collective or class certification.

8. All newly-selected Bellwether Plaintiffs shall appear for deposition. In the event one of the Bellwether Plaintiffs fails to appear for their deposition, the Party that

selected that non-participating Bellwether Plaintiff shall select a replacement from within the same sub-group. In the event one of the Bellwether Plaintiffs selected by Defendants fails to appear for their deposition, they shall be subject to dismissal with prejudice for failure to participate in this action, unless they can make a showing that exceptional and/or extenuating circumstances caused them to fail to appear for their deposition. In the event one of the Bellwether Plaintiffs selected by Plaintiffs fails to appear for their deposition, Defendants may make a motion for dismissal with prejudice as to that Plaintiff, with the Court to determine the standard applicable to such motion.

9. Plaintiffs' supplemental discovery requests to Defendants, as reflected to Plaintiffs' November 5, 2015 letter and in the Parties' in-person "meet and confer" session held on November 11, 2015, shall be limited to information pertinent to the Bellwether Plaintiffs. However, nothing in this Stipulation shall limit Plaintiffs' rights to seek appropriate discovery as to all remaining Plaintiffs in the event any portion of Defendants' summary judgment motion is denied.

10. The Named Plaintiffs' class and collective allegations, to the extent they extend beyond the current Plaintiffs, are dismissed, with prejudice to their reassertion in the instant action.

11. In the event the Court denies Defendants' Motion for Summary Judgment in whole or in part, and the remaining Plaintiffs (if any) are denied a right to proceed collectively, Plaintiffs' claims under the FLSA and/or NYLL unresolved by the summary judgment decision (if any) may be reasserted on an individual basis in this action and Defendants will not move the Court to have those claims severed from or otherwise removed from this action, but reserve all other rights to argue that each such Plaintiff must separately prosecute and establish his or her claims in this action including, the right to oppose any motion for conditional certification of the group as an FLSA Collective.

| | |
|---|---|
| JOSEPH & KIRSCHENBAUM LLP<br>*ATTORNEYS FOR PLAINTIFFS*<br>32 Broadway, Suite 601<br>New York, New York 10004<br>(212) 688-5640<br><br>By: _____<br>MAIMON KIRSCHENBAUM<br>DOUGLAS WEINER<br>JOSEF NUSSBAUM<br><br>Dated: December 15, 2015 | JACKSON LEWIS P.C.<br>*ATTORNEYS FOR DEFENDANTS*<br>666 Third Avenue, 29th Floor<br>New York, New York 10017<br>(212) 545-4000<br><br>By: _____<br>FELICE B. EKELMAN<br>NOEL P. TRIPP<br>LORI A. JABLCZYNSKI<br><br>Dated: Dec. 15, 2015 |

SO ORDERED:

_____
U.S. Magistrate Judge

4