UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FREDDY FERNANDEZ, LUIS VELASQUEZ,
and GIOVANNY GONZALEZ, on behalf
of themselves and all others similarly situated,

                        Plaintiffs,

                                                               ORDER
    -against-                                                 13-CV-4938 (LDH) (SMG)

KINRAY, INC., et al.,

                        Defendants.
-------------------------------------------------------------------X
GOLD, S., U.S.M.J.:

      Plaintiffs Freddy Fernandez, Luis Velasquez, and Giovanny Gonzalez bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law § 650, *et seq.*, alleging that they and other similarly situated employees of the defendants were misclassified as independent contractors, earned but were not paid overtime wages, and had expenses improperly deducted from their wages. Compl. ¶¶ 4-6. Currently pending before the Court is plaintiffs' motion to compel production of certain electronically stored information. Docket Entry 336 ("Pls.' Mot."). Defendants' response to plaintiffs' motion was filed on February 13, 2017. Docket Entry 337 ("Defs.' Resp.").

      As plaintiffs point out in their pending motion, one of the central issues in this case is the degree and nature of the control exercised by defendants over how plaintiffs performed their work. Pls.' Mot. at 2. Plaintiffs contend that the emails they seek will provide relevant evidence indicating that plaintiffs, generally truck drivers and helpers, were required to make deliveries to defendants' customers at specific times.

      Plaintiffs first raised their current concerns about email production in a letter motion filed on November 23, 2016. *See* Docket Entry 317. I held a conference to address plaintiffs' motion

on December 7, 2016. *See* Transcript of Hearing held on December 7, 2016, Docket Entry 323 ("Tr."). As counsel explained at that time, plaintiffs are seeking discovery of email communications between defendants and their customers and between defendants' shipping and customer relations departments; any emails between plaintiffs and defendants' shipping departments have already been produced. Tr. 3. Defendants have also previously produced emails from the accounts of seven customer service representatives that refer to any "bellwether" plaintiff by name.[1] Defendants' Letter dated August 6, 2016, at 2, Docket Entry 318. This search for emails containing the "bellwether" plaintiffs' names resulted in the production of approximately 700 emails, but only 30 to 50 of those emails proved to be relevant. Tr. 5-6.

The emails sought in the pending motion were culled by using search terms that did not include names of plaintiffs and, as noted above, were not sent by or to plaintiffs. Thus, the emails sought are likely to yield an even smaller percentage of relevant communications. Moreover, any arguably relevant emails could, at best, provide circumstantial rather than direct evidence of communications between defendants and plaintiffs or the degree of control defendants exercised over plaintiffs.

In addition, any evidence the emails might contain is available, at least to a degree, from other sources. As I noted during the conference on December 7th, plaintiffs are, of course, in a position to testify with respect to the degree of control exercised by defendants over them, and have had the opportunity to depose defendants and question them about this very subject. Tr. 4. Moreover, the evidence plaintiffs seek, even if uncovered, would have only limited relevance to the issues in the case; scheduling of delivery times is arguably relevant to, but certainly not dispositive of, only one of several factors considered when determining if an individual is an

---

[1] In an effort to streamline this litigation, the parties have agreed to limit discovery and dispositive motion practice to the claims of nineteen "bellwether" plaintiffs. *See* Docket Entry 285.

employee or an independent contractor. *See Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058-59 (2d Cir. 1988) (noting that the determination of whether an individual is an employee or an independent contractor requires consideration of multiple factors, including but not limited to "the degree of control exercised by the [alleged] employer over the workers").

During the conference, counsel reported that a search of two weeks of the emails at issue yielded between 3600 and 7500 emails. Tr. 7-8, 10. In light of the cost of reviewing and producing the number of emails involved, and taking into account their attenuated relevance to the primary issues in the case, I directed defendants to produce 50 randomly selected emails from the group to plaintiffs. I further ordered that plaintiffs could seek production of additional emails only upon a showing that more than half of the 50 emails produced were relevant to the issues in this case. Tr. 9-10.

Plaintiffs' pending motion followed. Plaintiffs, however, have failed to point to more than 25 relevant emails; rather, the exhibits to their motion appear to include approximately 16 emails. *See* Pls.' Mot., Exs. A and B, Docket Entries 336-1 and 336-2. Moreover, the relevance of the emails identified by plaintiffs is questionable. The email attached as Exhibit A suggests that a customer had complained to defendants that it was receiving deliveries later in the evening than was preferred, and that the customer service department asked the shipping department to find a different route that could provide the customer with an earlier delivery time. There is no indication that any driver was terminated, disciplined, or told to change his or her practices as a result of the customer complaint. The emails attached as Exhibit B likewise indicate that customers complained from time to time that they were receiving deliveries later than they perhaps desired, but again there is no indication in any of the emails submitted to the Court that any driver suffered an adverse consequence or received instructions to change his or her order of

3

deliveries or route as a result of any customer complaint. Moreover, as noted above, emails involving the "bellwether" plaintiffs, or those sent to or received by them, have already been produced.

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1). The Rule provides in relevant part as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Here, the volume of discovery sought by plaintiffs is large. To cull, review, and produce the emails sought by plaintiffs would be expensive and time-consuming. Yet the relevance of the emails sought is at best quite limited, and there is substantial other evidence that bears more directly on the core issues in dispute, including the testimony of witnesses with direct knowledge of the facts in dispute and emails and documents that specifically refer to the "bellwether" plaintiffs.

For all these reasons, I conclude that the burden and expense of the additional discovery sought by plaintiffs outweighs its likely benefit. Plaintiffs' motion to compel is accordingly denied.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
February 23, 2017

*U:\Fernandez v. Kinray 02.23.17 .docx*