# jackson|lewis

Jackson Lewis P.C.
44 South Broadway
14th Floor
White Plains NY 10601
Tel 914 872-8060
Fax 914 946-1216
www.jacksonlewis.com

Representing Management Exclusively in Workplace Law and Related Litigation

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MINNEAPOLIS, MN | PROVIDENCE, RI |
| ALBUQUERQUE, NM | HARTFORD, CT | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ATLANTA, GA | HONOLULU, HI* | MORRISTOWN, NJ | RAPID CITY, SD |
| AUSTIN, TX | HOUSTON, TX | NEW ORLEANS, LA | RICHMOND, VA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NEW YORK, NY | SACRAMENTO, CA |
| BIRMINGHAM, AL | JACKSONVILLE, FL | NORFOLK, VA | SALT LAKE CITY, UT |
| BOSTON, MA | KANSAS CITY REGION | OMAHA, NE | SAN DIEGO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CINCINNATI, OH | LONG ISLAND, NY | ORLANDO, FL | SAN JUAN, PR |
| CLEVELAND, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| DALLAS, TX | MADISON, WI | PHOENIX, AZ | ST. LOUIS, MO |
| DAYTON, OH | MEMPHIS, TN | PITTSBURGH, PA | TAMPA, FL |
| DENVER, CO | MIAMI, FL | PORTLAND, OR | WASHINGTON DC REGION |
| DETROIT, MI | MILWAUKEE, WI | PORTSMOUTH, NH | WHITE PLAINS, NY |
| GRAND RAPIDS, MI | | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

DIRECT DIAL: (631) 247-4661
EMAIL: noel.tripp@jacksonlewis.com

October 31, 2018

**VIA ECF**
Hon. LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Fernandez, et al. v. Kinray, Inc., et al.*
Civil Action No.: 13-CV-4938

Dear Judge DeArcy Hall:

On behalf of Defendants, we write to respectfully request clarification regarding Plaintiffs' Second Amended Complaint filed on October 27, 2018 (Dkt. 379) ("SAC") and, as necessary, request a pre-motion conference in anticipation of a motion for partial dismissal and/or a motion to strike pursuant to Fed. R. Civ. P. 12 as to allegations in the SAC purporting to assert new claims based on the period from September 2015 to the present. In short, Plaintiffs' SAC contains no limiting end date and thus improperly attempts to inject claims into this action relating to a new time period and based on a new (and inadequately pled) legal theory regarding Defendants' alleged liability under the wage laws. Moreover, these claims are duplicative of class action claims Plaintiffs' counsel has already asserted in a separate action pending before Magistrate Locke.[1] Plaintiffs must not be permitted to dramatically alter the scope of this litigation at this late date.

By way of background, Plaintiffs commenced this action in 2013 alleging that they were misclassified as independent contractors by defendant Kinray, Inc. ("Kinray") based on their provision of delivery services pursuant to Independent Contractor Agreements ("ICAs") entered

---

[1] *See* Complaint (Dkt. 1) ¶¶ 43-73, 83-89, *Thomas et al. v. TXX Services, Inc. et al.,* Case No. 13-CV-2789 (E.D.N.Y.) ("*Thomas*").



Hon. DeArcy Hall
Eastern District of New York
October 31, 2018
Page 2

into between most Plaintiffs and Kinray.[2]  *See* Complaint (Dkt. 1) ¶¶ 2-4, 29, 37, 45, 69; Amended Complaint (Dkt. 191-3) ¶¶ 2, 3, 18-22; Plaintiffs' Counter Statement of Material Facts in Dispute Pursuant to Local Civil Rule 56.1 in Opposition to Defendants' Motion for Summary Judgement (Dkt. 338-1) ¶¶ 8, 9, 16; *see also* Memorandum of Decision and Order (Dkt. 363) p.2.  It is undisputed that Kinray terminated the ICAs in two phases, one in 2013 prior to commencement of this action (but following which time most Plaintiffs continued to hold ICAs) and the second in 2015 while this litigation was ongoing. Dkt. 338-1 ¶¶ 17-18; Dkt. 363 p.3.  It is also undisputed that as of September, 2015, Kinray held no contracts with any Plaintiff.  Dkt. 338-1 ¶¶ 17-19. Kinray has since entered into an agreement with TXX Services Inc. ("TXX"), the defendant in *Thomas*, to provide all deliveries.  Kinray has no control or input into, or knowledge of, the relationship between TXX and the individuals who provide delivery services under the Kinray-TXX agreement.  Thus, to the extent the Court permits Plaintiffs to carry their claims forward from the filing of the prior Amended Complaint, September 2015 is the maximum possible "end date" for the claims in this case.  *See e.g., Maldonado v. BTB Events & Celebrations, Inc.*, 990 F. Supp. 2d 382, 384 n.3 (S.D.N.Y. 2013) (deciding *sua sponte* that the end date for plaintiffs' claims was the date the amended complaint was filed where plaintiffs' amended complaint did "not specify a fixed end date for plaintiffs' claims").

In the SAC, Plaintiffs allege that, "from December 21, 2010 ***to the present***," Defendant Cardinal Health, Inc. "is an employer of Plaintiffs within the meaning of the FLSA," Dkt. 379 ¶ 17 (emphasis added), and that "[a]t all relevant times, Defendants have been, and continue to be, employers of Plaintiffs . . ." *Id.* at ¶ 333.  In other words, the SAC asserts claims based on delivery services provided to Kinray through TXX pursuant to the Kinray-TXX agreement, but contains no factual allegations to support an alleged employment relationship between Kinray and Plaintiffs during this period.  Adding claims involving the entirely undiscovered and uninvestigated period following termination of the route agreements now, more than five years after this action was commenced after the close of pre-summary judgment fact discovery, would, in effect send this case back to the drawing board.  If Plaintiffs wish to pursue those claims they must do so separately, whether in the *Thomas* action or otherwise.[3]  Accordingly, Defendants respectfully request a conference to discuss this issue and the need for motion practice relating thereto.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Noel P. Tripp*

---

[2] Some Plaintiffs never entered into an ICA or had any direct relationship with Kinray, and worked for those who held contracts as their "helpers."  *See* Dkt. 338-1 ¶¶ 8, 9.

[3] Indeed, any New York Labor Law claims asserted herein by an individual providing delivery services to Kinray through TXX would be included as part of the putative class claims in *Thomas*, which are asserted on behalf of the named plaintiffs "and all persons who work or have worked for TXX as drivers, couriers or delivery drivers (or in comparable roles with different titles) in New York between the date that is six years before the date this Complaint is filed and the date of final judgment in this matter (the "Class")." Complaint (Dkt. 1) ¶ 43, Case No. 13-CV-2789 (E.D.N.Y.).