# jackson lewis.

Representing Management Exclusively in Workplace Law and Related Litigation

**Jackson Lewis P.C.**
**44 South Broadway**
**14ᵗʰ Floor**
**White Plains NY  10601**
**Tel 914 872-8060**
**Fax 914 946-1216**
**www.jacksonlewis.com**

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MINNEAPOLIS, MN | PROVIDENCE, RI |
| ALBUQUERQUE, NM | HARTFORD, CT | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ATLANTA, GA | HONOLULU, HI* | MORRISTOWN, NJ | RAPID CITY, SD |
| AUSTIN, TX | HOUSTON, TX | NEW ORLEANS, LA | RICHMOND, VA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NEW YORK, NY | SACRAMENTO, CA |
| BIRMINGHAM, AL | JACKSONVILLE, FL | NORFOLK, VA | SALT LAKE CITY, UT |
| BOSTON, MA | KANSAS CITY REGION | OMAHA, NE | SAN DIEGO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CINCINNATI, OH | LONG ISLAND, NY | ORLANDO, FL | SAN JUAN, PR |
| CLEVELAND, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| DALLAS, TX | MADISON, WI | PHOENIX, AZ | ST. LOUIS, MO |
| DAYTON, OH | MEMPHIS, TN | PITTSBURGH, PA | TAMPA, FL |
| DENVER, CO | MIAMI, FL | PORTLAND, OR | WASHINGTON DC REGION |
| DETROIT, MI | MILWAUKEE, WI | PORTSMOUTH, NH | WHITE PLAINS, NY |
| GRAND RAPIDS, MI | | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

DIRECT DIAL:  (631) 247-4661
EMAIL: NOEL.TRIPP@JACKSONLEWIS.COM

November 7, 2018

**VIA  ECF**

Hon. LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  *Fernandez, et al. v. Kinray, Inc., et al.*
> Civil Action No.: 13-CV-4938

Dear Judge DeArcy Hall:

On behalf of Defendants, we write pursuant to the Court's November 1, 2018 direction (Minute Order 11/01/2018) to provide the Court with the enclosed comparisons of Plaintiffs' Complaint (Dkt. 1) ("Original Complaint"), First Amended Complaint (Dkt. 191-3) ("FAC") and Second Amended Complaint (Dkt. 379) ("SAC"), and to further illustrate the SAC's attempted post-discovery expansion of Plaintiffs' claims.

***Comparison of Claims Asserted***.  On September 4, 2013, named plaintiffs Freddy Fernandez, Luis Velasquez, and Giovanny Gonzalez filed the Original Complaint on behalf of themselves, "all other current and former Defendants' delivery drivers ("Drivers") throughout New York, New Jersey, and Connecticut" (the "Putative Collective"), Dkt. 1 ¶ 2, and "all similarly situated current and former Drivers who worked for Defendants in New York" (the "Putative Class"). *Id.* ¶ 3.  In the Original Complaint, plaintiffs alleged that "Defendants misclassified their Drivers as independent contractors," Dkt. 1 ¶ 4, and asserted (i) overtime claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and NYLL on behalf of themselves and Putative Collective and Putative Class, respectively, Dkt. 1 ¶¶  88-101, (ii) wage notice claims

under NYLL §§195 on behalf of themselves and the Putative Class, Dkt. 1 ¶ 102-104, and (iii) unlawful deductions and untimely payment of wages claims under NYLL §§191, 193 on behalf of themselves and the Putative Class.  Dkt. 1 ¶¶ 105-109.

On July 7, 2014, Plaintiffs filed the FAC on behalf of fifteen individuals (which included the three named plaintiffs from the Original Complaint)—six of whom Plaintiffs described as "Owner-Operator Drivers," Dkt. 191-3 ¶ 18, five of whom Plaintiffs described as "Owner-Operator Drivers with Helpers," Dkt. 191-3 ¶ 19, two of whom Plaintiffs described as "Helpers," Dkt. 191-3 ¶ 20, and two of whom Plaintiffs described as "Stand-By and Extra" Drivers, Dkt. 191-3 ¶ 22—and several different classes and collectives comprised of other Owner-Operator Drivers, Owner-Operator Drivers with Helpers, Helpers, and Stand-By and Extra Drivers.  Dkt. 191-3 ¶¶ 23-81.  In the FAC, Plaintiffs alleged that they and the members of the putative classes and collectives were misclassified as independent contractors and asserted (i) unpaid overtime claims under the FLSA and NYLL on behalf of themselves and the putative collectives and classes, respectively, Dkt. 191-3 ¶¶ 281-294, (ii) wage notice violation claims under the NYLL on behalf of themselves and the putative classes, Dkt. 191-3 ¶¶ 295-297, and (iii) unlawful deductions and untimely payment of wages claims under the NYLL on behalf of themselves and the putative classes.  Dkt. 191-3 ¶¶ 298-302.  Named plaintiff Freddy Fernandez (an Owner-Operator Driver with Helper) also asserted individual retaliation claims under the FLSA and NYLL, based on an allegation that Defendants terminated his contracts in retaliation for filing the Complaint.  Dkt. 191-3 ¶¶ 303-320.

On October 17, 2018, Plaintiffs filed the SAC on behalf of named plaintiffs Freddy Fernandez, Esmeralda Amaya, Rafael Casasola, Arturo Coello, Franky Dorado, Paula Dorado, Ruben Espinoza, Julio Gomez, Giovanny Gonzalez, Neil Guzman, Henry Narvaez, Luis Fernando Navarrete, Maria Romero, Freddy Vasquez, Luis Velasquez, Frank Rodriguez, Yolanda Aguirre, Miguel Bautista, Arthur Fernandez, Alexis Franco, Jorge Gamarra, Orlando Ocampo, Adrianna Renteria, Oscar Eduardo Renteria, and David Villarejo.  Dkt. 379.  The SAC asserts the same causes of action (overtime, wage notice violation, and unlawful deductions and untimely payment of wages claims) as asserted in the FAC, except they are only asserted on behalf of the named plaintiffs.  Moreover, by not limiting them in time, Plaintiffs seek to assert those claims for the intervening post-discovery years between the FAC and SAC.  Dkt. 379 ¶¶ 325-355.  The SAC also includes plaintiff Freddy Fernandez's individual retaliation claims.  Dkt. 379 ¶¶ 356-364.

***Defendants' practices significantly changed in the interim between the FAC and the SAC***.  At the time of the Original Complaint, all of the plaintiffs were either (i) parties to Independent Contractor Agreements ("ICAs") to provide delivery services to Kinray, (ii) proprietors of corporations which were parties to ICAs to provide delivery services to Kinray, ((i) and (ii) collectively, "Routeholders"), or helpers who were not parties to ICAs with Kinray but were engaged by Routeholders to perform delivery services on the Routeholders' behalf ("Helpers.").  Dkt. 338-1 ¶ 8.  Similarly, at the time of the FAC, all but one of the plaintiffs were Routeholders or Helpers.

It is undisputed that Kinray terminated the ICAs in two phases, one in 2013 prior to commencement of this action (but following which time most Plaintiffs continued to hold ICAs) and the second in 2015 while this litigation was ongoing. Dkt. 338-1 ¶¶ 17-18; Dkt. 363 p.3. It is also undisputed that as of September, 2015, Kinray was no longer a party to a contract with any Plaintiff.[1] Dkt. 338-1 ¶¶ 17-19. As a result of this change in circumstances subsequent to the filing of the FAC, the allegation in Paragraph 17 of the SAC that "from December 21, 2010 *to the present*," Defendant Cardinal Health, Inc. "is an employer of Plaintiffs within the meaning of the FLSA," Dkt. 379 ¶ 17 (emphasis added), dramatically expands the scope of Plaintiffs' claims beyond what was or could have been asserted in the FAC, and beyond the scope addressed by discovery conducted in 2014 and the first half of 2015.

*The filing date of the FAC governs the end date for Plaintiffs' claims.* During the more than four year period between the filing of the FAC and the filing of the SAC, the parties engaged in discovery (the scope of which, necessarily, was defined by the then-operative pleading), *see* 2 Moore's Federal Practice – Civil § 8.04 (2018), to develop the factual record for summary judgment. In the SAC, however, Plaintiffs improperly purport to expand the scope of this litigation to encompass claims which had not yet accrued as of the date the FAC was filed and were thus not subject to discovery or the subsequently decided motion for summary judgment. *See e.g., Maldonado v. BTB Events & Celebrations, Inc.*, 990 F. Supp. 2d 382, 384 n.3 (S.D.N.Y. 2013) (deciding *sua sponte* that the end date for plaintiffs' claims was the date the amended complaint was filed where plaintiffs' amended complaint did "not specify a fixed end date").

It is axiomatic that a complaint cannot assert a cause of action before it has accrued. A cause of action for unpaid overtime under the FLSA "accrues with each payday following an allegedly unlawful pay period." *Hosking v. New World Mort., Inc.,* 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (internal quotation omitted); *see also Gunawan v. Sake Sushi Rest.,* 897 F. Supp. 2d 76, 82 (E.D.N.Y. 2012) (recognizing that a claim for unpaid overtime does not ripen until "the date the employee should have been paid"); *Acosta v. Yale Club,* 94 Civ. 0888, 1995 U.S. Dist. LEXIS 14881, at *9 (S.D.N.Y. Oct. 12, 1995) ("In FLSA cases involving overtime pay, a new cause of action accrues for purposes of § 255(a) at each regular payday immediately following the workweek during which services were rendered and for which overtime compensation is claimed."). The FAC was filed on July 4, 2014.

Thus, to the extent Plaintiffs claim that they are owed overtime for services rendered during any period for which they allege the "payday" was later than July 4, 2014, such claims were not, and indeed could not have been, asserted in the FAC. Accordingly, there has been no viable pleading under Fed. R. Civ. P. 8 as to such later-period claims, nor have those claims been the subject of discovery. Indeed, the December 15, 2015 Bellwether Stipulation entered into for

---

[1] Kinray has since entered into an agreement with TXX Services Inc. ("TXX") to provide delivery services to its customers. Kinray has no control or input into, or knowledge of, the relationship between TXX and the individuals who provide delivery services under the Kinray's agreement with TXX. Plaintiffs' counsel are pursuing a separate class action litigation challenging TXX's classification of individuals providing delivery services.

purposes of the summary judgment motion practice in this case expressly defined the subject Plaintiffs as individuals who "held contracts to provide delivery services to Kinray" and those who assisted them.  Dkt. 285 ¶ 2.  All parties contemplated that the "contracts" referenced in the Stipulation were the ICAs between Plaintiffs and Kinray.  Notwithstanding the exclusion of post-July 2014 claims from the FAC, in the SAC, Plaintiffs allege that, "from December 21, 2010 *to the present*," Defendant Cardinal Health, Inc. "is an employer of Plaintiffs within the meaning of the FLSA," Dkt. 379 ¶ 17 (emphasis added), and that "[a]t all relevant times, Defendants have been, and continue to be, employers of Plaintiffs . . ." *Id.* at ¶ 333.  By including these allegations in the SAC, Plaintiffs have violated the spirit, if not the letter, of the Court's directive in the October 5, 2018 Minute Entry and Order to file a second amended complaint which "shall include allegations already pleaded in the amended complaint as well as additional allegations for bellwether Plaintiffs for whom the amended complaint did not include allegations."

Accordingly, Defendants respectfully request that the Court issue an Order setting July 7, 2014 as the end date for Plaintiffs' claims.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Noel P. Tripp*