# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |

November 19, 2018

**VIA ECF**

Hon. LaShann DeArcy Hall, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Fernandez, et al. v. Kinray, Inc., et al.*, 13 Civ. 4938

Dear Judge DeArcy Hall:

    We represent Plaintiffs in the above-referenced matter.  We write to respectfully set forth Plaintiffs' position in response to Defendants' November 14, 2018 pre-motion letter in which they seek to move for dismissal of two current Named Plaintiffs and five additional Plaintiffs pursuant to Rules 12 and/or 56 of the Federal Rules of Civil Procedure.

    As set forth below, Plaintiffs respectfully submit that with respect to the Name Plaintiffs, Jorge Gamarra and Rafael Casasola, though they currently lack standing to *personally* pursue their claims in this Action, their claims are not judicially estopped because the bankruptcy court has not formally discharged or made any substantive findings with respect to those claims. With respect to the five Plaintiffs not named in the Second Amended Complaint, Plaintiffs seek and additional two weeks to investigate the status of their alleged bankruptcy filings.

    "Judicial estoppel does not apply unless 'the party's former position has been adopted in some way by the court in the earlier proceeding.'" *BPP Ill., LLC v. Royal Bank of Scot. Grp. PLC*, 859 F.3d 188, 194 (2d Cir. 2017) (quoting In re Adelphia Recovery Trust, 634 F.3d at 695-96. See also *Peralta v. Vasquez*, 467 F.3d 98, 205 (2d Cir. 2006) ("To invoke judicial estoppel in the Second Circuit, (1) the party against whom it is asserted must have advanced an inconsistent position in a prior proceeding, and (2) the inconsistent position must have been adopted by the court in some matter.") (citations and quotations omitted).

    "'[A]doption' in judicial estoppel 'is usually fulfilled . . . when the bankruptcy court confirms a plan pursuant to which creditors release their claims against the debtor.'" *Adelphia Recovery Trust v. Goldman, Sachs & Co.*, 748 F.3d 110, 118 (2d Cir. 2014) (quoting *Galin v. United States*, No. 08-CV-2508 (JFB) (ETB), 2008 U.S. Dist. LEXIS 103884, 2008 WL 5378387, at *10 (E.D.N.Y. Dec. 23, 2008).

Here, Mr. Gamarra filed his bankruptcy in August 2018 and Mr. Casasola filed his petition in October 2018. After initially preliminarily investigating this issue, it is our understanding that both these individuals will be amending their bankruptcy filings to notify the bankruptcy court about this lawsuit. Having just been filed, both cases have not been discharged and no substantive positions have been adopted by the bankruptcy court in either proceeding. Moreover, Defendants have not alleged and there is no basis for alleging that Messrs. Gamarra's and Casasola's current filings were submitted in bad faith. Accordingly, any motion to dismiss or to adjudicate Messrs. Gamarra's and Casasola's claims on the basis of their bankruptcy filings is premature and will be denied. *See, e.g., Maines v. Last Chance Funding, Inc.*, No. 2:17-cv-05453 (ADS)(ARL), 2018 U.S. Dist. LEXIS 162073, at *18 (E.D.N.Y. Sep. 21, 2018) (declining to apply judicial estoppels where, as here, the bankruptcy petition remained open the plan was still subject to amendment as a matter of course); *Murray v. Bd. of Educ. of City of New York*, 248 B.R. 484, 487-88 (S.D.N.Y. 2000) ("Because plaintiff's failure to list this cause of action as an asset in her bankruptcy—whether intentional or unintentional—has been cured by recent developments in her bankruptcy case, no harm will come to her creditors by permitting this suit to proceed."); *Rogers v. Ford Motor Co.*, No. 12 Civ. 7220, 2015 U.S. Dist. LEXIS 57801, at *9 (N.D. Ill. May 4, 2015) ("[T]he doctrine of judicial estoppel does not apply to a debtor who omitted a claim from her bankruptcy schedules but corrected her filings before she received a discharge."); *Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 547 (7th Cir. 2014) ("Spaine's creditors were not and could not have been injured by incomplete Chapter 7 schedules that were orally corrected before Spaine received a discharge.").

With respect to the standing issue, Plaintiffs acknowledge that Messrs. Gamarra and Casasola do not currently have standing to pursue their claims though the bankruptcy trustee does have the right pursue them. *See* 11 U.S.C. § 704(a)(1); *In re Footstar, Inc.*, 323 B.R. 566, 571 (Bankr. S.D.N.Y. 2005) ("A debtor's appointed trustee has the *exclusive* right to assert the debtor's claim.") (citation omitted). In other words, if the bankruptcy filings are amended, the bankruptcy trustee in either case could decide to pursue their claims at trial in this Action. Nevertheless, in the interest of streamlining the process of preparing this case for trial, Plaintiffs do not oppose Defendants' request to select two additional replacement Plaintiffs to add to the pool of Plaintiffs eligible to be selected as Bellwether Plaintiffs for trial.

With respect to the five other Plaintiffs whom Defendants allege have filed for bankruptcy, our firm is still in the process of consulting with those clients and their respective bankruptcy counsels as to the status of the respective bankruptcies. Accordingly, we respectfully request two weeks ascertain the status of those claims and to report our findings to the Court at that time.

We thank the Court for its attention to this matter.

Respectfully submitted,

 /s/*Josef Nussbaum*
Josef Nussbaum

cc: All counsel of record (via ECF)